McMahon, C.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/14/15
```

TERRENCE MOORE AS TRUSTEE OF THE
METAL LATHERS LOCAL 46 PENSION
FUND, et al.,

        Plaintiffs(s),

v.

NAVILLUS TILE, INC., et al.

        Defendant(s).

14-cv-8326 (CM) (JLC)

ECF Case

## CONFIDENTIALITY STIPULATION

IT IS HEREBY STIPULATED AND AGREED by attorneys for Plaintiff Terrence Moore and all other plaintiffs in this action ("Plaintiffs"), and attorneys for Defendant Navillus Tile, Inc., Time Square Construction, Inc., Advanced Construction Solutions, LLC, Donal O'Sullivan, Helen O'Sullivan, and Kevin O'Sullivan, ("Defendants") (Plaintiffs and Defendants are hereinafter referred to as the "Parties") that:

1. The Parties may designate as "CONFIDENTIAL" any Material that contains proprietary, confidential, private, or commercially sensitive information the disclosure of which the designating party reasonably believes would result in harm to the disclosing party.

2. All documents to be produced in discovery proceedings that are stamped or described by the producing party as "CONFIDENTIAL" shall be subject to the following restrictions:

    (a) Such documents and the information contained in the documents shall be used only for the purpose of this litigation and not for any other purpose whatsoever;

(b) Such documents shall not be given, shown, made available, discussed or otherwise communicated in any way to anyone except:

    (i) the Court and its employees, court reporters and stenographers at depositions;

    (ii) the attorneys of record and their associated attorneys, for the party or Parties in this litigation to which such documents are produced, and the employees of such attorneys to whom it is necessary that the material be shown for the purpose of this litigation;

    (iii) counsel, including in-house counsel, of any such party who are working on the case;

    (iv) independent accountants, statisticians, economists, engineers or other independent experts retained by the Parties or the attorneys of record for such party to assist in the preparation of this case for trial;

    (v) deponents at depositions in this case; and

    (vi) The Parties, or the directors, officers and employees of the Parties who are assisting in the preparation of this case for trial and to whom, in the opinion of the attorney(s) for the Plaintiffs or the Defendants, it is necessary to the preparation of that party's case that such material be shown.

(c) The foregoing restrictions in Paragraphs 2(a) and (b) above, regarding documents designated as CONFIDENTIAL, shall only apply to the non-producing party.

3. The restrictions imposed by the requirements of Paragraph 2 may, at the request of the producing party, govern responses to interrogatories, document requests, questions posed at depositions and responses thereto, and responses to inquiries otherwise posed pursuant to provisions in the Federal Rules of Civil Procedure, the Local Civil Rules of the Southern District of New York, or other applicable statutes or rules.

4. Each person referred to in Paragraphs 2(b)(ii), (iii) and (vi) agrees, as evidenced by signatures below, to be bound by the terms of this Stipulation. Each person referred to in Paragraphs 2(b)(iv) and (v) to whom any documents, or copies are to be given, shown, made available, discussed or otherwise communicated in any way, in whole or in part, and each person receiving any information subject to the restrictions referred to in Paragraph 2 above, shall first be told about this Confidentiality Stipulation and advised not to disclose such documents and/or information outside the context of the present litigation.

5. The Parties each reserve the right to redesignate as "CONFIDENTIAL" any documents that a party produces, or has already produced or any information subject to the restrictions of Paragraph 2. Such redesignation shall be effective as of the date of such redesignation.

6. At any time during the period of this action, any party who objects to the designation of any CONFIDENTIAL material will advise the producing party in writing of its objection and the basis of the objection. If the Parties are unable to resolve the objection in good faith, the objecting party shall move for an order vacating the designation in dispute. While such an application is pending, the CONFIDENTIAL designated material will be treated as confidential under the terms of this Stipulation. None of the Parties to this action is obliged to challenge the

designation of any material marked CONFIDENTIAL at the time of receipt, disclosure or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

7. The filing of any papers under seal is only permitted pursuant to an order of the Court. Any party wishing to file a document, or portion thereof, in redacted form must make a specific request to the Court by letter (submitted by e-mail) explaining the reasons for seeking to file that submission under seal, mindful of the First Amendment and common law rights of public access. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). Any sealing request should include a party's proposed redactions. If leave is granted, parties must file redacted copies with the Clerk of the Court on the docket and the unredacted copies under seal. Proposed protective orders should include a provision reflecting this requirement. The pendency of the application to seal does not affect any deadlines that may have been set by the Court.

8. At the conclusion of the above-entitled action, all originals and copies of any documents subject to this Stipulation shall not be retained by any party; and all notes or other records of the receiving party relating to confidential information supplied by the producing party shall be destroyed, with the exception of documents retained for recordkeeping purposes by counsel for the Parties. A certificate of such destruction by the receiving party shall be provided to the producing attorney or party.

9. The provisions of any protective order issued in this action insofar as it restricts the communication and use of the documents produced thereunder shall continue to be binding after the conclusion of this action, unless the party obtains written permission of the producing party or by subsequent stipulation.

10. Nothing in this Stipulation shall bar or otherwise restrict any attorneys from rendering advice with respect to this litigation to the party for which such attorneys have appeared of record in this action and, in the course thereof, referring to or relying generally upon their examination of documents produced to them in this action.

11. This Stipulation supersedes any previous arrangement for confidentiality entered into by the Parties. The obligations incurred under such agreements are not altered or suspended except as modified herein.

12. The Court retains discretion whether to afford confidential treatment to any confidential document or information contained in any confidential document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

**Addendum**

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE PARTIES' STIPULATION AND CONFIDENTIALITY ORDER

The Parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the Parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If

the Court issues a decision in this case that refers to "confidential" material under this stipulation, the decision will not be published for ten days. The Parties must, within that ten day period, identity to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the Parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

Dated: January 13, 2015
New York, New York

I hereby consent to the form and entry of the within Confidentiality Stipulation.

KENNEDY, JENNIK & MURRAY, P.C.

By: _____
Thomas M. Kennedy
Susan M. Jennik
Serge Ambroise
113 University Place, 7th Floor
New York, New York 10003
Tel: 212.358.1500

*Attorneys for Plaintiffs*

JONES DAY

By: _____
Willis J. Goldsmith
Joshua M. Grossman
222 East 41st Street
New York, New York 10017
Tel: 212.326.3939

*Attorneys for Defendants Navillus Tile, Inc., Donal O'Sullivan, and Helen O'Sullivan*

BOND, SCHOENECK & KING, PLLC

By: _____
Louis P. DiLorenzo
Allison M. Zullo
600 Third Ave., 22nd Floor
New York, New York 10016
Tel: 646.253.2300

*Attorneys for Defendant Advanced Contracting Solutions, LLC*

PECKAR & ABRAMSON, P.C.

By: _____
Gregory R. Begg
70 Grand Avenue
River Edge, NJ 07661
Phone: 201.343.3434

*Attorneys for Defendants Time Square Construction, Inc. and Kevin O'Sullivan*

So Ordered: _____

NYI-524630491v1

1/14/2015