

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/15

KENNEDY, JENNIK & MURRAY, P.C.
*Attorneys for Plaintiffs*
113 University Place, 7th Floor
New York, New York 10003
Tel. (212) 358-1500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| Terrence Moore, *et al.*, | |
| --- | --- |
| Plaintiffs, | 14-CIV-8326 (CM)(JLC) |
| -against- | |
| Navillus Tile, Inc., *et al.*, | ORDER PURSUANT TO F. R. E. RULE 502(d) |
| Defendants. | |

### ORDER GOVERNING DISCLOSURE OF DOCUMENTS BY MOUNTCO CONSTRUCTION AND DEVELOPMENT CORP. PRUSUANT TO FEDERAL RULES OF EVIDENCE RULE 502(d)

**THIS MATTER,** having come before the Court upon the application of Plaintiffs and Respondent Mountco Construction and Development Corp. ("Mountco") for an order pursuant to Rule 502(d) of the Federal Rules of Evidence; and

**IT APPEARING** to the Court that entry of this Rule 502(d) Order will enable Mountco to produce document to Plaintiffs while still asserting that the documents are subject to privilege without fear that production to Plaintiffs will constitute a waiver; and

**IT FURTHER APPEARING** to the Court that entry of this Rule 502(d) Order will limit further expenditures of time and resources by the Court and the parties; and for good cause shown;

It is therefore, hereby, **ORDERED**:

1. Pursuant to the hearing held on January 16, 2015, Mountco shall produce immediately all documents responsive to Plaintiffs' subpoena, dated December 15, 2014, marked "Confidential, Attorneys' Eyes Only." Subject to the provisions of this Order, if Mountco discloses information in connection with the pending litigation that Mountco thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that Mountco would otherwise be entitled to assert with respect to the Protected Information and its subject matter. Documents marked "Confidential, Attorneys' Eyes Only" may be examined by only Plaintiffs' attorneys, and such documents and the information

contained in such documents may not be disclosed to Plaintiffs or their related union entities.

2.   Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform Mountco that such materials have been produced.

3.   If Plaintiffs wish to use (*i.e.,* introduce, file or otherwise disclose) any document identified by Mountco as privileged or protected by the work-product doctrine, or any document consisting of attorney-client communication or attorney work-product whether previously identified as such by Mountco in any proceeding, Plaintiffs must provide Mountco with two (2) business days' notice to object.

4.   If Mountco objects Plaintiffs must return the documents and/or otherwise comply with Federal Rule 26(b)(5)(B).

5.   Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

6.   This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

7.   The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**SO ORDERED.**

Dated: New York,
January 20, 2015

JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE