Cott, & mag.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Terrence Moore, *et al.*,

           Plaintiffs,

-against-

Navillus Tile, Inc., *et al.*,

           Defendants

14-CIV-8326 (CM)(JLC)

<u>ORDER PURSUANT TO FRE 502(d)</u>

### ORDER GOVERNING DISCLOSURE OF DOCUMENTS BY WASHINGTON SQUARE PARTNERS, INC. PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

**THIS MATTER,** having come before the Court upon the application of Plaintiffs and Respondent Washington Square Partners, Inc. ("WSPI") for an order pursuant to Rule 502(d) of the Federal Rules of Evidence; and

**IT APPEARING** to the Court that entry of this Rule 502(d) Order will enable WSPI to produce documents to Plaintiffs while still asserting that the documents are subject to privilege, without fear that production to Plaintiffs will constitute a waiver; and

**IT FURTHER APPEARING** to the Court that entry of this Rule 502(d) Order will limit further expenditures of time and resources by the Court and the parties; and for good cause shown;

It is therefore, hereby, **ORDERED:**

1. Pursuant to the hearing held on January 16, 2015, WSPI shall produce immediately all documents responsive to Plaintiffs' subpoena *duces tecum*, dated December 15, 2014, and mark those documents with "Confidential, Attorneys' Eyes Only." Subject to the provisions of this Order, if WSPI discloses information in connection with the pending litigation that WSPI thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that WSPI would otherwise be entitled to assert with respect to the Protected Information and its subject matter. Documents marked "Confidential, Attorneys' Eyes Only" may be examined by only Plaintiffs' and Defendants' attorneys, and such documents and the information contained in such documents may not be disclosed to Plaintiffs, their related union entities, or Defendants.

2. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be

privileged and to inform WSPI that such materials have been produced.

3. If Plaintiffs wish to use (*i.e.,* introduce, file or otherwise disclose) any document identified by WSPI as privileged or protected by the work-product doctrine, or any document consisting of attorney-client communication or attorney work-product, whether previously identified as such by WSPI in any proceeding, Plaintiffs must provide WSPI with two (2) business days' notice to object.

4. If WSPI objects, Plaintiffs must return the documents and/or otherwise comply with Federal Rule 26(b)(5)(B).

5. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

6. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses, or indicates that it may use, information produced under this Order to support a claim or defense.

7. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**SO ORDERED.**

JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE

1/29/15