```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/29/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Terrence Moore, *et al.*,

                           Plaintiffs,

      -against-

Navillus Tile, Inc., *et al.*,

                           Defendants

14-CIV-8326 (CM)(JLC)

ORDER PURSUANT
TO FRE 502(d)

### ORDER GOVERNING DISCLOSURE OF DOCUMENTS BY RELATED CONSTRUCTION, LLC PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

**THIS MATTER,** having come before the Court upon the application of Plaintiffs and Respondent Related Construction, LLC ("Related") for an order pursuant to Rule 502(d) of the Federal Rules of Evidence; and

**IT APPEARING** to the Court that entry of this Rule 502(d) Order will enable Related to produce documents to Plaintiffs while still asserting that the documents are subject to privilege, without fear that production to Plaintiffs will constitute a waiver; and

**IT FURTHER APPEARING** to the Court that entry of this Rule 502(d) Order will limit further expenditures of time and resources by the Court and the parties; and for good cause shown;

It is therefore, hereby, **ORDERED:**

1. Pursuant to the hearing held on January 16, 2015, Related shall produce immediately all email documents responsive to Plaintiffs' subpoena *duces tecum*, dated December 15, 2014, and mark those documents with "Confidential, Attorneys' Eyes Only." Subject to the provisions of this Order, if Related discloses information in connection with the pending litigation that Related thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that Related would otherwise be entitled to assert with respect to the Protected Information and its subject matter. Documents marked "Confidential, Attorneys' Eyes Only" may be examined by only Plaintiffs' and Defendants' attorneys, and such documents and the information contained in such documents may not be disclosed to Plaintiffs, their related union entities, or Defendants.

2. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be

privileged and to inform Related that such materials have been produced.

3. If Plaintiffs wish to use (*i.e.,* introduce, file or otherwise disclose) any document identified by Related as privileged or protected by the work-product doctrine, or any document consisting of attorney-client communication or attorney work-product, whether previously identified as such by Related in any proceeding, Plaintiffs must provide Related with two (2) business days' notice to object.

4. If Related objects, Plaintiffs must return the documents and/or otherwise comply with Federal Rule 26(b)(5)(B).

5. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

6. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses, or indicates that it may use, information produced under this Order to support a claim or defense.

7. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

8. Documents produced by Related, including non-email documents, are subject to the Confidentiality Stipulation, signed by Judge McMahon on January 14, 2015. (Dkt. No. 37.) With regard to email documents, to the extent that anything in this Order is in conflict with or contradicts anything in the January 14, 2015 Confidentiality Stipulation (Dkt. No. 37), the more stringent protections shall apply.

**SO ORDERED.**

JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE

1/29/15

2