# KENNEDY, JENNIK & MURRAY, P.C.
## ATTORNEYS AT LAW
113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500
* * *
FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
tkennedy@kjmlabor.com

2/2/2015
OK
w

**MEMO ENDORSED**

January 30, 2015

<u>VIA ECF</u>

Honorable Colleen McMahon
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1640
New York, NY  10007

Re:  ***Moore, et al. v. Navillus, et al.***, Case No. 14-CV-8326 (CM)(JLC)

Dear Judge McMahon:

     Pursuant to Your Honor's Individual Practices and Procedures, Plaintiffs present this letter motion to request: a) a brief extension of the current 90 day discovery period for the alter ego issues in this litigation which now expires on March 12, 2015; and b) an increase in the number of allowable depositions Plaintiffs may take from 10 to 15. Defendants have authorized me to state that they do not oppose an extension of the alter ego discovery period until March 23, 2015 and do not oppose the increase in the number of depositions to be taken by Plaintiffs.

     Plaintiffs are four groups of multi-employer benefit plans that have brought an action pursuant to ERISA, 29 U.S.C. § 1001 *et seq.* and the Labor Management Relations Act, 29 U.S.C. 185, against: 1) a union signatory employer, Navillus Tile, Inc., ("Navillus"); 2) its controlling corporate officials (Donal, Kevin, and Helen O'Sullivan); and 3) two entities that Plaintiffs allege are alter egos of Navillus: Advanced Construction Solutions, LLC (d/b/a ACS-NY LLC) ("ACS"), and Time Square Construction, Inc. ("Time Square"). By Minute Entry order on December 12, 2014, the Court limited discovery to a period of 90 days on the alter ego issue only. The 90-day discovery period will end on March 12, 2015.

     The parties have acted diligently to complete necessary discovery within the initial 90 day period. Plaintiffs served their initial interrogatories and demands for document production on all Defendants on December 15, 2015, the first business day after the initial Court conference. Defendants have not yet completed their production of electronic documents in response to Plaintiffs' requests.

     Plaintiffs also served various real estate contractors and developers that had done business with Defendants starting on December 16, 2014. Two subpoenaed parties sought to quash the subpoenas; a hearing was held before Magistrate Judge Cott on January 16, 2015 in which arrangements were made to complete production by those parties. Plaintiffs are continuing to work to secure voluntary compliance with their subpoenas but several responses are outstanding and production is not expected to be complete ~~for at least two weeks.~~

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/15

**KENNEDY, JENNIK & MURRAY, P.C.**

ATTORNEYS AT LAW

Hon. Colleen McMahon
January 30, 2015
Page 2

    Accordingly, Plaintiffs request that the period for discovery on the alter ego issues in this case be extended for eleven days to March 23, 2015.

    Plaintiffs also request that they be allowed to take up to 15 depositions in this matter. Defendants have jointly designated nine persons who they believe have information relevant to the alter ego status of the Defendants. Based on the third party productions we have received, we believe that we will need to depose an additional six representatives of the third party companies that have dealt with ACS and Time Square since July, 2013 to assemble a full factual record for the anticipated summary judgment motion.

    Thank you for your consideration of this request.

Respectfully submitted,

*Thomas M. Kennedy (by SMJ)*

Thomas M. Kennedy

cc: All counsel