# GREENBERG, TRAGER & HERBST, LLP

ATTORNEYS AND COUNSELLORS AT LAW
767 THIRD AVENUE - 12TH FLOOR NEW YORK, NY 10017
212 - 688 - 1900
FAX 212 - 688 - 3201
WWW.GTHNY.COM

MAX E. GREENBERG (1919-1980)
GEORGE N. TOPLITZ

OF COUNSEL:
DAVID A. TRAGER

200 EXECUTIVE DRIVE
WEST ORANGE, N.J. 07052
973 - 731 - 2500
FAX 973 - 731 - 0165

February 27, 2015

<u>Via ECF</u>
Honorable James L. Cott
U.S. District Court, Southern District of New York
500 Pearl Street, Room 1360
New York, NY 10007

    Re: *Moore, et al. v. Navillus, et al.*, Case No. 14-CV-8326 (CM)(JLC) <u>Subpoenas duces tecum to Bravo Builders and JDS Construction</u>

Dear Judge Cott:

  My law firm represents JDS Construction Group, LLC ("JDS") a non-party in this action. We are writing in connection with the court conference that has been scheduled in this action for March 3, 2015, and in response to the February 25, 2015 letter that has been submitted by plaintiffs' attorney, Serge Ambroise.

  As discussed herein, the assertion by Mr. Ambroise that there is a discovery dispute between plaintiffs and JDS is fiction. The only "dispute" is that plaintiffs now refuse to provide JDS with an FRE 502(d) order, despite Your Honor's directions at the January 16, 2015 court conference that plaintiffs provide such an order on behalf of the non-party subpoenaed parties, and despite Tom Kennedy's agreement at the court conference, on behalf of the plaintiffs, that plaintiffs would do so.

  The facts are as follows.

  On December 30, 2014, JDS was served with a non-party subpoena in this action. On January 2, 2015, pursuant to the requirements of FRCP Rule 45, JDS timely served its objections to the subpoena. Those objections included the fact that the non-party document requests were ambiguous, overly broad, and sought disclosure of proprietary and confidential business information (Exhibits "5" and "6," annexed to plaintiffs' application).

1

# GREENBERG, TRAGER & HERBST, LLP

At a court conference on January 16, 2015, Your Honor (1) found the non-party subpoenas to be unacceptably broad, (2) directed the plaintiffs to provide an FRE 502(d) order in order to address this issue; and (3) directed the plaintiffs to provide a list of 15 search terms, in limitation of the subpoenas. Mr. Kennedy, on behalf of the plaintiffs, promised Your Honor that plaintiffs would abide by those directions. The record reflects:

"THE COURT: Your subpoenas did what all lawyers do, which is frankly problematic, which is you want any and all documents about something and that inherently is an overbroad request. And every lawyer does that and every lawyer, by doing it, in my opinion, is not complying with the rules. So, then you have fights and then you come to court and my job is to figure out how to really rein it in so we can laser beam-like focus on what you really want and need are and entitled to. That's what I want to figure out this morning. What are you really desirous of and is that something you should otherwise get. And in a case like this where the other side is floating privilege questions and the like, then maybe this is a case where we need to have a 502(d) order in place both for party and non-party production given the shortness of time. So, we need to consider something along those lines as well.

I would really like you to focus on what you feel is absolutely imperative in order for you to establish your case as far as what it is you need to get from the non-parties.

MR. KENNEDY: Okay.

XXX

THE COURT: It does ask for all documents concerning the negotiation of something. That's pretty broad by definition, it seems to me.

XXX

THE COURT: Why wouldn't a 502(d) order, which is precisely why Congress passed the law bypassing the usual protocols for how rules get amended, be absolutely ideal in a case like this which is on a much faster track than any of you are happy that it is?

XXX

MR. KENNEDY: First, we will welcome 502(d) order and would comply with it completely. We would give assurance that the only people that would see any information produced in connection with the subpoena would be people in my firm.

XXX

# GREENBERG, TRAGER & HERBST, LLP

>THE COURT: Well, I mean, the whole purpose of what I proposed so no one is doing redactions and no one is doing privilege review that is the whole purpose of 502(d), as I understand it.
>
>MR. KENNEDY: You are right, Your Honor. We prepared to do that. I am trying to throw out alternatives if the 502(d) is not followed through. What we request is we have the 502(d), we have a confidentiality order in the case, we are prepared to be bound by it, and we are prepared to have all of their documents designated as confidential.
>
>XXX
>
>MR. KENNEDY: We are happy to provide the same search terms to all of the subpoenaed parties, Your Honor.
>
>THE COURT: Well, you are going to provide those search terms and I then need to figure out in doing that, that is overly burdensome to non-parties. These are non-parties, after all."

>[Pages 10, 14, 15, 20, 24, 25, 28, 29 and 33 of the Court transcript, annexed hereto as Exhibit "A."]

JDS received no notice from the plaintiffs concerning the court conference, and as a result did not attend. JDS received notice for the first time on January 21, 2015, when Mr. Ambroise e-mailed a copy of the transcript to me. Mr. Ambroise made the following representation in his e-mail:

>"The judge suggested a FRE 502(d) order in response to concerns over the burden of reviewing client documents before producing them and such an order is already in place with respect to one of the subpoenaed third parties."

>[Exhibit "B," annexed hereto]

I thereafter held a conference call with Tom Kennedy, on behalf of the plaintiffs, and the other parties on January 28, 2015.[1] At that time it was agreed that plaintiffs would provide our office with both the documents that had been provided by the defendants concerning the project, and a list of plaintiffs' proposed search terms. Once we received same, we would review with our client, and let plaintiffs know whether there was any change in the JDS position.

Although plaintiffs provided the referenced documents, they failed to provide the search terms. By e-mail dated February 9, 2015, I brought this deficiency to the plaintiffs' attention [Exhibit "C," annexed hereto]. In a responsive e-mail, dated the

---

[1] The conference call was originally scheduled to take place on January 26, 2015. However, due to the snowstorm, and resultant shut-down of the train systems, it was adjourned to January 28, 2015.

3

# GREENBERG, TRAGER & HERBST, LLP

same day, Mr. Ambroise <u>apologized</u> and finally provided JDS with the search terms [Exhibit "D," annexed hereto].

By letter dated February 13, 2015, literally the same week, I made the following offer to plaintiffs' attorneys on behalf of JDS:

> "With respect to non-party JDS Construction Group LLC ("JDS"), upon receipt of a 502(d) order issued by the Court, JDS will review its files and advise the parties within one week as to whether it has any documents subject to the subpoena, other than what has already been turned over by the defendants. If in fact it has any documents, they will be turned over to the parties at that time."
> [Exhibit "E," annexed hereto]

My office heard nothing in response to the JDS offer for the next 10 days. Thereafter, during the telephone conference call on February 23, 2015, Mr. Ambroise for the first time rejected it. His only "excuse," which is repeated in plaintiffs' application, is that JDS could have made the offer as early as January 28, 2015. That argument ignores the fact that as of January 28, 2015, plaintiffs had yet to provide our office with either the documents which they had received from the defendants, or the list of court-ordered search terms. Nor was any time limitation placed on the promises made by Mr. Kennedy to Your Honor on January 16, 2015, and since proven to be false.

For the foregoing reasons, it is requested that this Court issue an order directing the plaintiffs to provide JDS with an FRE 502(d) order in connection with any disclosure arising out of the subpoena. In the alternative, the subpoena should be quashed as a result of plaintiffs' violations of the directives issued by this Court on January 16, 2015. Sanctions should also be issued against plaintiffs due to their deceitful conduct and false promises made by Mr. Kennedy to this Court on January 16, 2015.

Respectfully yours,

Kalvin Kamien

KK/mp

4