**KENNEDY, JENNIK & MURRAY, P.C.**
ATTORNEYS AT LAW
113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500
* * *
FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
tkennedy@kjmlabor.com

March 2, 2015

<u>Via ECF</u>

Hon. Colleen McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1640
New York, NY 10007

  Re: *Moore, et al. v. Navillus Tile, Inc., et al.*, 14-CIV-8326 (CM)(JLC)

Dear Judge McMahon:

  I write as counsel to Plaintiffs in the above-referenced case to request a reference to Magistrate Judge Cott regarding a discovery dispute with defendants Navillus Tile, Inc. ("Navillus"), Time Square Construction Corp. ("Time Square"), Donal O'Sullivan and Kevin O'Sullivan. The dispute involves the production of the substance of text messages. Counsel for defendant Advanced Construction Solutions LLC ("ACS") has indicated that one of the owners of ACS has been out of the country and that he will not have an opportunity to discuss this matter with him until tomorrow. Since the discovery in this case closes on March 23, 2015, Plaintiffs cannot agree to any further delay in requesting the court's assistance to resolve a critical issue which was raised by Plaintiffs 10 days ago.

  I certify that Plaintiffs and Defendants have met and conferred several times regarding this matter. On February 20, 2015, Plaintiffs raised the issue of text messages in an email to Defendants' counsel noting that John Kuefner's telephone records showed that more than 800 text messages were sent each month. On February 23, 2015, Plaintiffs' counsel made another email request for text messages. On February 24, 2015, all counsel participated in a telephone conference call in which Defendants' counsel requested time to consult with their clients. It was agreed to discuss the matter in a conference call on March 2, 2015. On February 26, 2015, Plaintiffs' counsel sent Defendants' counsel a letter explaining Plaintiffs' position on the need for the production of text messages and narrowing the request for production, as described below.

  In their document requests, Plaintiffs requested the production of electronically stored information as defined in Rule 34(a)(1)(A), Fed. R. Civ. Pr., which requires the production of:

> any designated documents or electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either

    directly or, if necessary, after translation by the responding party into a reasonably usable form;

    Courts have frequently required the production of text messages. *Huffnagle v. Loiaconco*, No. 3:11-1009, 2015 WL 474365, at *2 (M.D. Tenn. Feb. 4, 2015); *Wilson v. Gaston Cnty.*, No. 3:13-CV-58-GCM, 2014 WL 2773658, at *2 (W.D.N.C. June 19, 2014); *Ewald v. Royal Norwegian Embassy*, No. 11-CV-2116 SRN/SER, 2013 WL 6094600, at *7 (D. Minn. Nov. 20, 2013); *Postell v. Lane*, No. CIV.A. 12-527-BAJ, 2013 WL 5409235, at *1 (M.D. La. Sept. 25, 2013). In *Christou v. Beatport, LLC*, No. 10-CV-02912-RBJ-KMT, 2013 WL 248058, at *14 (D. Colo. Jan. 23, 2013), the court imposed evidentiary sanctions on a party who failed to preserve and produce text messages relevant to the litigation.

    Defendants did not produce any text messages in their response to Plaintiffs' production of documents. In an effort to resolve this dispute, Plaintiffs proposed to limit the production of text messages to the following: text messages to and from Donal O'Sullivan and Kevin O'Sullivan relating to the business of ACS during the period July 1, 2013 to October 17, 2014, with the following individuals: David Ashe; John Kuefner; Willie O' Donnell; Hazelyn Corcoran; and Eoin Moriarty.

    Counsel for Navillus and Time Square have proposed to provide the date, and identify of senders and recipients of the requested text messages, but not the substance of the text messages. The substance of text messages to and from Donal and Kevin O'Sullivan relating to the business of ACS are central to Plaintiffs' allegations that Navillus and Time Square are alter egos of ACS. The telephone records produced show that ACS executives telephoned Donal O'Sullivan more than 70 times from October 1, 2013 to December 31, 2013. Text messages will further demonstrate the control by Donal O'Sullivan over the operations of ACS.

    Plaintiff have consulted with an electronics production vendor and learned that the production of text messages is not burdensome or costly. According to this vendor, downloading text messages from a phone normally takes about ½ hour (around one hour if the messages were deleted) and costs either $250 per hour or $400 per device. To reduce the burden on Defendants, Plaintiffs offered to pay the reasonable cost, in this range, of the downloading of text messages.

    Plaintiffs' request is reasonable as it is limited in time, scope and by individuals; and it is not burdensome. Plaintiffs ask that Defendants be directed to produce the text messages to and from Donal O'Sullivan and Kevin O'Sullivan relating to the business of ACS during the period July 1, 2013 to October 17, 2014, with the following individuals: David Ashe; John Kuefner; Willie O' Donnell; Hazelyn Corcoran; and Eoin Moriarty.

Thank you for your consideration of this request.

Respectfully submitted,

Thomas M. Kennedy

cc: Joshua Grossman, Esq.
Gregory Begg, Esq.
Louis DiLorenzo, Esq