```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Terrence Moore, *et al.*,

                              Plaintiffs,

      -against-

Navillus Tile, Inc., *et al.*,

                              Defendants

14-CIV-8326 (CM)(JLC)

**ORDER PURSUANT TO FRE 502(d)**

## ORDER GOVERNING DISCLOSURE OF DOCUMENTS BY BRAVO BUILDERS, LLC
## PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

**THIS MATTER,** having come before the Court upon the application of Plaintiffs and Respondent Bravo Builders, LLC ("Bravo") for an order pursuant to Rule 502(d) of the Federal Rules of Evidence; and

**IT APPEARING** to the Court that entry of this Rule 502(d) Order will enable Bravo to produce documents to Plaintiffs while still asserting that the documents are subject to privilege, without fear that production to Plaintiffs will constitute a waiver; and

**IT FURTHER APPEARING** to the Court that entry of this Rule 502(d) Order will limit further expenditures of time and resources by the Court and the parties; and for good cause shown;

It is therefore, hereby, **ORDERED:**

1. Pursuant to the hearing held on March 3, 2015, Bravo shall produce immediately, in response to Plaintiffs' subpoena *duces tecum*, dated December 15, 2014, all communication and documents resulting from Bravo's search of all emails related to Bravo's work at 20 East End Avenue, New York, NY 10028, said search using the following email addresses as search terms:

    a. emoriarty82@gmail.com
    b. donal1853@aol.com
    c. concreteconstructionny@gmail.com
    d. officeiphone@acsnycllc.com
    e. dosullivan1@aol.com

2. Bravo shall mark documents it produces with "Confidential, Attorneys' Eyes Only." Subject to the provisions of this Order, if Bravo discloses information in connection with the pending litigation that Bravo thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the disclosure of that

Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that Bravo would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

3. Documents marked "Confidential, Attorneys' Eyes Only" may be examined by only Plaintiffs' and Defendants' attorneys, and such documents and the information contained in such documents may not be disclosed to Plaintiffs, their related union entities, or Defendants.

4. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform Bravo that such materials have been produced.

5. If Plaintiffs or Defendants (the "Parties") wish to use (*i.e.*, introduce, file or otherwise disclose) any document identified by Bravo as privileged or protected by the work-product doctrine, or any document consisting of attorney-client communication or attorney work-product, whether previously identified as such by Bravo in any proceeding, the Parties must provide Bravo with two (2) business days' notice to object. If the Parties wish to use (*i.e.*, introduce, file or otherwise disclose) any document designated by Bravo as "Confidential, Attorneys' Only," the provisions of Paragraph 6 of the Confidentiality Stipulation in this case (Docket No. 37) shall apply: the Party wishing to release the document from the designation shall advise Bravo in writing of its objection to the designation. If Bravo and the objecting Party are unable to resolve the objection in good faith, the procedure set forth in Paragraph 6 of the Confidentiality Stipulation shall apply.

6. If Bravo objects to a Party's use of documents identified by Bravo as privileged or protected by the work-product doctrine, the Party must return the documents and/or otherwise comply with Federal Rule 26(b)(5)(B).

7. Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

8. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses, or indicates that it may use, information produced under this Order to support a claim or defense.

9. The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**SO ORDERED.**

March 4, 2015
New York NY

JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE

2