

# Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

www.pecklaw.com

70 Grand Avenue
River Edge, NJ 07661
tel. 201.343.3434
fax 201.343.6306

River Edge, NJ
New York, NY
Miami, FL
Washington, D.C.
Los Angeles, CA
San Francisco, CA
Chicago, IL
Atlanta, GA
Devon, PA

**International Alliances**

Beijing
Bogota
Buenos Aires
El Salvador
Guatemala City
Lima
London
Managua
Mexico City
Panama
Port of Spain
San Jose
Santiago
Sao Paulo
Vancouver



*VIA ECF*

March 5, 2015

Hon. Colleen McMahon
United States District Judge
United States District Court,
Southern District of New York
500 Pearl Street, Room 1640
New York, New York 10007

**RE:** **Terrence Moore As Trustee of the Metal Lathers Local 46 Pension Fund, et al. v. Navillus Tile, Inc., et al.**
**Docket No. 14-CV-8326**
**Our File No. 255440**

Dear Judge McMahon:

We represent Defendants Time Square Construction and Kevin O'Sullivan in this matter. We write in connection with the letter submitted to Your Honor today by James M. Murphy, Esq., the attorney for New York City and Vicinity District Council of Carpenters (the "Union"). Mr. Murphy has requested an *in camera* review of certain Union documents withheld on the basis that they are privileged under the law enforcement privilege. We respectfully request that the Court grant us a conference to address this issue and further, we respectfully request that the Court find that the subject documents are not privileged and order the Union to disclose these documents.

Initially, it is important to point out that the subpoena requesting the subject documents was issued on January 26, 2015 and requested a response no later than February 9, 2015. Mr. Murphy's request for Court review comes almost one month after the due date for the Union's response to the subpoena. The parties are required to complete discovery by March 23, 2015. As a result of this deadline and the Union's slow subpoena response, the parties have had to continue with depositions without knowing the full extent of available information. This is inefficient and highly prejudicial to the parties. The Union as a non-party should not have such an outsized influence on this litigation.

# Peckar & Abramson
A Professional Corporation Attorneys & Counselors at Law

Hon. Colleen McMahon
March 5, 2015
Page 2

Furthermore, the law enforcement privilege cited by the Union should not be applied in this instance. In In re The City of New York, 607 F.3d 923, 944-45 (2d Cir. 2010), the Second Circuit held that the law enforcement privilege is qualified, not absolute, and held that the party asserting the privilege bears the burden of showing that the privilege applies to the documents in question. The party asserting the privilege must show that the documents include "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise ... interfere[ ] with an investigation." Id. at 944 (internal citations and quotations omitted). The Union has merely alleged that the identity of individuals reporting to the Inspector General's office should be held in confidence and that Independent Monitor Glen McGorty has recently assigned several confidential investigations. The Union asserts, in conclusory fashion, that Mr. McGorty "believes it is crucial" to maintain these privileges. The Union has failed to meet its burden to show that the law enforcement privilege applies here.

The Union has failed to show any of the interests in favor of non-disclosure. There has been absolutely no contention that production of these documents may (1) be a threat to police officers' safety, (2) be an invasion of police officers' privacy, (3) weaken law enforcement programs, or (4) chill police internal investigative candor. MacNamara v. City of New York, 249 F.R.D. 70, 80 (S.D.N.Y. 2008). As such, the documents should be disclosed.

Importantly, the Second Circuit held that the application of this privilege must be balanced by the need of the party seeking the information and stated that "[t]he public interest in nondisclosure must be balanced against the need of a particular litigant for access to the privileged information." Id. [citing In re Sealed Case, 856 F.2d 268, 272 (D.C. Cir. 1988)]. Here, this balancing test weighs heavily in favor of production of the subject documents. As noted above, the Union has delayed in producing the subject documents and this delay is negatively impacting the litigation and causing potential prejudice to our clients, who have been forced to continue depositions without the benefit of knowing whether additional information is available to aid their defenses.

Furthermore, a review of the privilege log submitted by the Union demonstrates that these documents are highly relevant to this case. The withheld documents include "information activity regarding Time Square job site" and "information activity regarding union members working at Time Square job site." Clearly, these documents speak directly to critical issues in this case and it is highly prejudicial for Defendants to be denied access to this information. For these reasons, the subject documents should not be withheld any longer and should be disclosed to the parties immediately.

# Peckar & Abramson
A Professional Corporation Attorneys & Counselors at Law

Hon. Colleen McMahon
March 5, 2015
Page 3

Based on the foregoing, we respectfully request that the Court grant us a pre-motion conference to address this discovery issue. We have previously tried to resolve the issue with the Union's counsel by offering to view the documents for "attorneys' eyes only." However, Union counsel has denied Defendants' counsel the ability to view these documents and, as such, we ask that the Court grant a conference to resolve this matter.

We thank Your Honor for your attention to this matter.

Very truly yours,

/s/ Alexander X. Saunders

ALEXANDER X. SAUNDERS

Cc:   All Counsel via ECF
      James M. Murphy, Spivak Lipton LLP (via email)