```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/12/15
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Terrence Moore, *et al.*,

                          Plaintiffs,

-against-

Navillus Tile, Inc., *et al.*,

                          Defendants

14-CIV-8326 (CM)(JLC)

**ORDER PURSUANT
TO FRE 502(d)**

### PROTECTIVE AND CONFIDENTIALITY ORDER
### GOVERNING DISCLOSURE OF DOCUMENTS BY
### NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
### PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d)

**THIS MATTER,** having come before the Court upon the application of Defendants and non-party New York City District Council of Carpenters ("NYCDCC") for an order pursuant to Rule 502(d) of the Federal Rules of Evidence; and

**IT APPEARING** to the Court that entry of this Rule 502(d) Order will enable NYCDCC to make available for review documents to Defendants while still asserting that the documents are subject to privilege, without fear that such review will constitute a waiver; and

**IT FURTHER APPEARING** to the Court that entry of this Rule 502(d) Order will limit further expenditures of time and resources by the Court and the parties; and for good cause shown;

It is therefore, hereby, **ORDERED:**

1.    Pursuant to the hearing held on March 11, 2015, NYCDCC shall make available for review beginning at 9:00AM on Monday, March 16, 2015, at the offices of Spivak Lipton LLP, 1700 Broadway, New York, NY 10019, in response to Defendants' subpoena *duces tecum*, dated January 26, 2015, all documents previously withheld by NYCDCC on the basis that they were privileged under the law enforcement privilege.

2.    NYCDCC shall make any necessary redactions of the names of confidential sources, investigators, and the like and shall mark documents for review it produces with "Confidential, Attorneys' Eyes Only." Subject to the provisions of this Order, if NYCDCC discloses information in connection with the pending litigation that NYCDCC thereafter claims to be privileged or protected by the attorney-client privilege, or work product protection, or law enforcement privilege ("Protected Information"), the disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that NYCDCC would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

USDC SDNY
DATE SCANNED 3/12/15

3.  Documents marked "Confidential, Attorneys' Eyes Only" may be examined by only Plaintiffs' and Defendants' attorneys, and such documents and the information contained in such documents may not be disclosed to anyone other than counsel for parties to this action.

4.  Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform NYCDCC that such materials have been made available for review.

5.  If Plaintiffs or Defendants (the "Parties") wish to use (*i.e.*, introduce, file or otherwise disclose) any document identified by NYCDCC as privileged, whether or not previously identified as such by NYCDCC, the Parties must provide NYCDCC with two (2) business days' notice to object. If the Parties wish to use (*i.e.*, introduce, file or otherwise disclose) any document designated by NYCDCC as "Confidential, Attorneys' Eyes Only," the provisions of Paragraph 6 of the Confidentiality Stipulation in this case (Docket No. 37) shall apply: the Party wishing to release the document from the designation shall advise NYCDCC in writing of its objection to the designation. If NYCDCC and the objecting Party are unable to resolve the objection in good faith, the procedure set forth in Paragraph 6 of the Confidentiality Stipulation shall apply.

6.  If NYCDCC objects to a Party's use of documents identified by NYCDCC as privileged or protected by the work-product doctrine, the Party must return the documents and/or otherwise comply with Federal Rule 26(b)(5)(B).

7.  Nothing in this Order limits the right of any party to petition the Court for an *in camera* review of the Protected Information.

8.  This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses, or indicates that it may use, information produced under this Order to support a claim or defense.

9.  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

**SO ORDERED.**

March 12, 2015

JAMES L. COTT
UNITED STATES MAGISTRATE JUDGE

2