# KENNEDY, JENNIK & MURRAY, P.C.

ATTORNEYS AT LAW

113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500

\* \* \*

FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
tkennedy@kjmlabor.com

March 17, 2015

**Via ECF**
Hon. James L. Cott
U.S. District Courthouse
500 Pearl Street, Room 1360
New York, NY 10007

      Re:    *Moore, et al. v. Navillus, et al.*, **14-CV-8326 (CM)(JLC)**

Dear Magistrate Judge Cott:

    I write as counsel to Plaintiffs in the above-referenced case regarding Plaintiffs' previous request for the production of the substance of text messages. For the reasons stated below, we are requesting that the Court convene a conference in which Plaintiffs will request an Order requiring Defendants Donal O'Sullivan and Kevin O'Sullivan to produce their cell phones to an independent technical expert to determine:

1. If the text messages sent or received on those cell phones can be retrieved, and
2. When the text messages on those cell phones were deleted.

    Your Honor will recall that I first raised this issue with the Court by letter dated March 2, 2015 to Hon. Colleen McMahon. (Dkt. No. 66.) In that letter, I advised that in an effort to resolve this dispute, Plaintiffs limited their request to production of the text messages to and from Defendants Donal O'Sullivan and Kevin O'Sullivan relating to the business of Advanced Contracting Solutions, LLC ("ACS") during the period July 1, 2013 to October 17, 2014 with the following individuals: David Ashe; John Kuefner; Willie O'Donnell; Hazelyn Corcoran; and Eoin Moriarty.

    On March 3, 2015, you directed the parties to meet and confer regarding the dispute surrounding the production of text messages. (Dkt. No. 69.) On March 6, 2015, I sent a letter advising that the parties had reached an agreement that the text messages requested residing on the phones of the above-named individuals and the Plaintiff Trustees would be exchanged on March 13, 2015. (Dkt. No. 75.) The agreement was made without prejudice to the rights of any party to renew requests for relief on this issue after review of the text messages provided.

    On March 13, 2015, Plaintiffs produced responsive text messages. Defendants advised Plaintiffs that there was not even a single responsive text message on their telephones. On March 14, 2015, I requested that Donal and Kevin O'Sullivan produce to HLP Integration, a third party

**KENNEDY, JENNIK & MURRAY, P.C.**

ATTORNEYS AT LAW

Hon James L. Cott
March 17, 2015
Page 2

expert vendor on retrieval of electronic information, including text messages, and offered to pay the cost of the examination.

On March 16, 2015 counsel for the parties met in person and conferred on this matter for approximately 30 minutes. The in-person conference was attended by myself; Joshua Grossman, Esq., representing Navillus Tile, Inc., Donal and Helen O'Sullivan; Gregory Begg, Esq., representing Time Square Construction Corp. and Kevin O'Sullivan; and Lou DiLorenzo, Esq. and Allison Gottlieb, Esq., representing ACS.

Defendants refused to provide the telephone of Donal and Kevin O'Sullivan to the third party expert vendor and revealed that the telephones had been examined by a vendor. I asked to be provided a copy of the reports from the technical experts that had examined these telephones and the telephone of Eoin Moriarty, the alleged President of ACS. Defendants' Counsel refused to provide these expert reports and again refused to produce these cell phones for examination by the technical expert designated by Plaintiffs.

The telephone records produced by Defendants demonstrate that Donal O'Sullivan was in regular and continuous contact with the top employees of ACS. Given his hundreds of conversations with ACS executives in a one year period, it is inconceivable that he was not also receiving and sending relevant text messages.

- ACS was formed on July 16, 2013. Kevin O'Sullivan text phone records show that he send or received 7,122 text messages between July 21, 2013 and June 30, 2014. Eoin Moriarty sent 27 text messages to Kevin O'Sullivan between January 17, 2014 and August 30, 2014.

- Donal O'Sullivan had an astonishing *343* telephone calls with the following ACS executives between July 15, 2013 and October 14, 2014: John Kuefner – 81; Willie O'Donnell – 72[1]; Eoin Moriarty – 58; Hazelyn Corcoran – 87; Patrick Corcoran – 34; David Ashe – 11. Information about the number of text messages was redacted from Donal O'Sullivan's telephone bills but it is not unreasonable to believe that they were similar to the number of text messages sent or received by his brother, Kevin O'Sullivan.[2]

---

[1] Willie O'Donnell was performing work for both Navillus and ACS from July 15, 2013 to approximately November 16, 2013 when he became an owner of ACS.

[2] Plaintiffs have served a subpoena upon AT&T to produce the record of text messages sent and received from two cell phones we believe to have been utilized by Donal O'Sullivan but those documents will not show the content of the text messages.

**KENNEDY, JENNIK & MURRAY, P.C.**
ATTORNEYS AT LAW

Hon James L. Cott
March 17, 2015
Page 3

     This record of communications between Donal and Kevin O'Sullivan with employees of ACS is highly relevant to the alter ego issue. Defendant Kevin O'Sullivan has testified that his text messages with ACS executives were only of a personal nature and were not related to the business of ACS. Donal and Kevin O'Sullivan should be directed to produce their telephones to Plaintiffs' electronic vendor to determine whether any of these messages can be retrieved and, if not, the dates of their deletion.

                              Very truly yours,

                              Thomas M. Kennedy

cc:    All Counsel