# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

March 19, 2015

**VIA ECF**

Hon. James L. Cott
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 21D
New York, NY 10007

> Re: **Moore, et al. v. Navillus Tile, Inc., et al., 14-CIV-8326 (CM)(JLC)**

Dear Judge Cott,

The factual background presented in Plaintiffs' letter of March 17, 2015 is generally accurate. What Plaintiffs fail to mention is that they never specifically requested the production of text messages in any of their interrogatories or document requests. *See, e.g.*, Plaintiffs First Requests for Documents to Navillus attached hereto as Exhibit A. Further, the definition of "document" in each of Plaintiffs interrogatories and document requests did not include "text messages." *Id*. In fact, the first time Plaintiffs requested the production of all text messages that Mr. Donal O'Sullivan ("Mr. O'Sullivan") sent to or received from five individuals working for Advanced Contracting Solutions ("ACS") relating to the business of ACS from July 1, 2013 to October 17, 2014 was on February 20, 2015, with approximately one month left in discovery.

Defendants, on the other hand, specifically included "text messages" in their definition of "document" in their document requests and interrogatories served on January 6th and 16th. *See, e.g.*, Defendant ACS' First Request for the Production of Documents attached hereto as Exhibit B. Defendants also specifically included "text messages" in their definition of "document" in all of the *subpoenas duces tecum* served on five individuals who are also represented by Plaintiffs' counsel in this lawsuit. *See, e.g.*, *Subpoena Duces Tecum* to Michael Locker attached hereto as Exhibit C. However, as of March 2, 2015, Plaintiffs had not produced a single text message.

During a meet and confer on March 2, 2015 requested by Plaintiffs' counsel to discuss the production of text messages, Defendants asked whether Plaintiffs' counsel had searched for text messages from the Plaintiff trustees and non-parties they represent responsive to the document requests and subpoenas. In response, Plaintiffs' counsel Mr. Kennedy admitted that for at least some of the Plaintiff trustees and non-parties, he had done nothing to determine whether responsive text messages existed and for others, he had asked them only recently to check their phones for such messages. This representation was corroborated by the testimony of

at least one non-party represented by Plaintiffs' counsel who testified that he was not asked to search his phone for relevant text messages until late February. Since that meet and confer on March 2, 2015, Plaintiffs have produced a handful of screen shots of text messages.

During the deposition of non-party David Hancock on March 6, 2015, who is represented by Plaintiffs' counsel, Mr. Hancock testified that he provided Plaintiffs' counsel with screen shots of four text messages responsive to the *subpoena duces tecum* served on him. When questioned as to why Plaintiffs' counsel only produced one text message from Mr. Hancock, Plaintiffs' counsel Ms. Susan Jennik stated that she was taking the position that the other three text messages took place after the lawsuit commenced and hence she would not produce them. Ms. Jennik provided no basis other than that they were sent after the commencement of the litigation for failing to produce them.

Plaintiffs' counsel has also represented that they have only had one individual's phone (Mr. Terrence Moore) examined by a third-party vendor. Further, the vendor that examined Mr. Moore's phone was unable to retrieve at least two responsive text messages that were no longer resident on his phone. *See* Jennik E-Mail March 12, 2015 attached hereto as Exhibit D. Unlike Plaintiffs, Defendants have not requested that Mr. Moore provide his cell phone to a different independent vendor to have his cell phone reexamined. Additionally, Plaintiffs' counsel has represented that it has not had the phones of any other Plaintiff trustees or the non-parties they represent forensically examined because those individuals told Plaintiffs' counsel that they had no responsive text messages on their phones. Mr. O'Sullivan notified the undersigned that he did not have any messages on his phones related to the business of ACS. However, unlike Plaintiffs' counsel who completed their investigation at that point, as discussed more fully below, we engaged a third-party vendor to forensically examine Mr. O'Sullivan's phones to confirm that he indeed had no such responsive messages.

Although at least arguably Plaintiffs waived the right to require that Navillus search for relevant text messages by waiting until there was only one month left in discovery to make such a request, in an effort to compromise and resolve this discovery dispute, Navillus agreed to produce any responsive text messages resident on Donal O'Sullivan's two cell phones by March 13, 2015. In order to comply with this agreement, we were required only to physically review the texts resident on Mr. O'Sullivan's cell phones for any messages to and from the five individuals identified by Plaintiffs' counsel that are related to the business of ACS and provide screen shots of such text messages. Indeed, this was exactly what all Plaintiffs except for Terrence Moore and non-parties represented by Plaintiffs' counsel apparently did. However, Defendant Navillus decided to hire a third-party vendor, Computer Evidence Recovery, Inc., to conduct a forensic data acquisition and extraction on Mr. O'Sullivan's two cell phones to retrieve and organize both resident and deleted text and iChat messages. That vendor was able to retrieve all resident and some deleted text and iChat messages on both of Mr. O'Sullivan's cell

phones. Once retrieved, the undersigned reviewed all resident text and iChat messages. None were related to the business of ACS. We advised Plaintiffs' counsel of this fact in an e-mail on March 13, 2015.

On March 14, 2015, Plaintiffs requested that Mr. O'Sullivan produce his cell phones to Plaintiffs' electronic vendor.

During a meet and confer on March 16, 2015, the undersigned explained to Plaintiffs' counsel that Navillus hired an independent third-party forensic examiner to acquire and extract the text and iChat messages resident and deleted from his two cell phones. The undersigned further explained that they had reviewed all resident text and iChat messages on both of Mr. O'Sullivan's cell phones to and from the five ACS employees that Plaintiffs' counsel requested we review and that none were related to the business of ACS. Plaintiffs' counsel Mr. Kennedy requested that he be provided with Computer Evidence Recovery, Inc.'s report. The undersigned offered to provide Plaintiffs' counsel with the report so long as Mr. Kennedy agreed to abandon his intrusive request that Mr. O'Sullivan provide his cell phones to Plaintiffs' electronic vendor once he reviewed the report and saw that Navillus indeed had Mr. O'Sullivan's two phones forensically examined. Plaintiffs' counsel Mr. Kennedy refused to do so, instead arguing that regardless of what the report said, he may continue to request that Mr. O'Sullivan produce his cell phones to Plaintiffs' electronic discovery vendor. In light of this representation, the undersigned did not produce Computer Evidence Recovery, Inc.'s report to Plaintiffs' counsel. Defendant Navillus would of course be amenable to submitting the report to Your Honor for in camera review.

Defendant Navillus has done what was asked of it and more with regards to Plaintiffs' delayed request for text messages. It engaged an independent third-party vendor and had its attorneys review all resident text and iChat messages on Mr. O'Sullivan's two cell phones to and from the five ACS employees Plaintiffs' counsel requested that Navillus search. Just because Plaintiffs' counsel is unhappy that there are no messages responsive to their request does not justify requiring Mr. O'Sullivan to produce his two cell phones to another vendor. Notwithstanding the obvious inconvenience this would pose, Plaintiffs' counsel has provided no procedures to ensure that the contents of Mr. O'Sullivan's cell phones would remain confidential and unharmed.

For the foregoing reasons, Plaintiffs request should be denied.

JONES DAY

Very truly yours,

*/s/ Willis J. Goldsmith*
Willis J. Goldsmith
Joshua M. Grossman