**KENNEDY, JENNIK & MURRAY, P.C.**
ATTORNEYS AT LAW
113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500
* * *
FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
tkennedy@kjmlabor.com

April 10, 2015

**Via ECF**
Hon. James L. Cott
U.S. District Courthouse
500 Pearl Street, Room 1360
New York, NY 10007

      Re:    ***Moore, et al. v. Navillus, et al.,* 14-CV-8326 (CM)(JLC)**

Dear Magistrate Judge Cott:

      I write as counsel to Plaintiffs in the above-referenced case regarding Plaintiffs' previous request for the production of text messages from Defendant Donal O'Sullivan. For the reasons stated below, we are requesting that the Court convene a conference in which Plaintiffs will request an Order requiring Defendants to identify by date and time the text messages that they reviewed from the telephone of Donal O'Sullivan and to produce certain texts which Plaintiffs have only recently determined were sent to Donal Sullivan by ACS owners Hazel Corcoran and Willie O' Donnell in December, January and February, 2015.

      Your Honor will recall that the text issue has been raised with the Court by letter dated March 2, 2015 to Hon. Colleen McMahon. (Dkt. No. 66.) and in a letter to you dated March 17, 2005. We have held numerous conferences with counsel in this matter on the text message issue including a telephone conference on April 10, 2017 which was attended by counsel for all parties in this case but we have not been able to reach an agreement on the text issue.

      At the last conference on March 20, 2015, you directed counsel for the Defendant Donal O'Sullivan to provide Plaintiffs with a copy of the report that they received from their electronic expert (Computer Evidence Recovery, Inc) and a certification from counsel that they had reviewed all of the resident texts on that telephone between the relevant parties to determine if any were relevant to this action. Defendant Donal O'Sullivan's counsel produced both the report and the certification. Neither the computer expert report nor the certification states how many resident messages were retrieved and were reviewed by Counsel or when these messages were sent or received.

      On March 20, 2015 Plaintiffs served a subpoena on AT&T to obtain records regarding the messages sent to and received by the telephone utilized by Donal O' Sullivan. ATT responded to the subpoena on March 30, 2015. On April 3, 2015, after reviewing the records obtained from ATT, we advised the Defendants that the subpoenaed text records showed that Mr. O'Sullivan exchanged 460 text messages with ACS executives or owners Hazelyn Corcoran, John Kuefner, Eoin Moriarty and Willie O'Donnell between July 1, 2013 and October 17, 2014.

We also advised the Defendants that Mr. O'Sullivan exchanged more recent text messages with Hazelyn Corcoran on December 7, 8, 12, 13, 16 and 17, 2014; January 12, 13,14,20,21,26 28 and 31, 2015 and February 20, 24 and 25, 2015 and that Willie O'Donnell exchanged text messages with Mr. O'Sullivan on November 28, December 19, January 7 and February 14, 2015.

We asked Defendants to agree that under the circumstances in which Mr. O' Sullivan exchanged some 500 text messages with ACS executives and not one has been produced by the Defendants, that the Corcoran and O'Donnell messages from the above dates be produced as well as a representation of which text messages were reviewed by Counsel. To be clear, we accept counsel's representation that none of the text messages he reviewed were relevant to the business of ACS but we believe this statement needs to be put into context by identifying the date and times of the messages counsel reviewed. We noted in this request that since Plaintiffs already had the records showing the times and dates of all messages between Mr. O'Sullivan and the ACS executives, it would not interfere with any of Mr. O'Sullivan's privacy interests to identify the ones that Counsel reviewed.

Mr. O'Sullivan's counsel declined both requests. He pointed out that discovery has ended and that this request is both late and in his view inconsistent with Plaintiffs prior limitation of discovery to the period before October 17, 2014. He also believes that his production of the computer expert report and his declaration makes any further discussion of the text message issue moot.

This record of communications between Donal O'Sullivan with employees of ACS is highly relevant to the alter ego issue and we submit that this issue was raised by Plaintiffs repeatedly during the discovery period. It was not until Plaintiffs obtained the subpoenaed telephone records that we were able to observe the post October 17, 2015 messages that we submit should be produced to Plaintiffs in view of the Defendant O'Sullivan's failure to produce any other text messages to Plaintiffs.

Finally, we submit that counsel for Mr. O'Sullivan should be required to supplement his prior certification by setting forth the date and times of the messages he reviewed and concluded were not relevant to this action. This information is necessary for Plaintiffs to determine whether to renew their requests for this telephone to be examined to determine if and when any text messages were deleted.

Very truly yours,

Thomas M. Kennedy

cc: All Counsel