# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306

April 14, 2015

**VIA ECF**

Hon. James L. Cott
U.S. District Court for the Southern District of New York
500 Pearl Street, Courtroom 21D
New York, NY 10007

        Re:    **Moore, et al. v. Navillus Tile, Inc., et al., 14-CIV-8326 (CM)(JLC)**

Dear Judge Cott,

        I write as counsel to Defendants Navillus Tile, Inc., Donal O'Sullivan ("Mr. O'Sullivan"), and Helen O'Sullivan (collectively, "Defendants") in the above-referenced case regarding Plaintiffs request for an Order requiring Defendants to identify the time and date of the text messages reviewed from the telephone of Donal O'Sullivan.

        At the last teleconference on this topic, Your Honor noted:

> I'm inclined to direct [Defendants] to produce the report to you, and I'm inclined, to the extent necessary, to have [Defendant's counsel] so state in an affidavit that his review confirmed that these text messages and iChat messages were not related to the business of ACS, and as far as I'm concerned that should be the end of it.

(March 20, 2015 Teleconference, Pg. 6, attached hereto as Exhibit A). Directly after that teleconference, Defendant's counsel provided Plaintiffs with the forensic report and an affidavit stating that the undersigned reviewed all resident text messages and none were related to the business of ACS. This fact is entirely consistent with the unrefuted deposition testimony in this case that no ACS employee had exchanged or would have any reason to exchange text messages with Mr. O'Sullivan regarding the business of ACS. (E. Moriarty Tr. 326-328; W.O'Donnell Tr. 216; J. Kuefner Tr. 35.)[1]

---

[1] Deposition transcripts are cited herein as ("[First Letter of Deponent's First Name] [Deponent's Last Name] Tr. [Page Numbers].")

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Joshua M. Grossman
April 14, 2015
Page 2

      Although discovery was scheduled to conclude on March 23, 2015, Plaintiffs sent a subpoena to AT&T Mobility on March 13, 2015 for records of Mr. O'Sullivan's text messages, a request Plaintiffs never made to Defendants. Plaintiffs only asked Defendants to provide records of the telephone calls exchanged between Mr. O'Sullivan and various ACS employees, not text message records.

      On April 3, 2015, Plaintiffs sent a letter noting that they had received the AT&T Mobility records, which unsurprisingly, given that in addition to being ACS employees they are also Mr. O'Sullivan's good friends, reflected that Mr. O'Sullivan had exchanged numerous text messages with ACS employees. Plaintiffs requested that Defendants provide the date and times of the messages reviewed by the undersigned. Given that discovery had concluded approximately two weeks prior and given Your Honor's direction at the March 20, 2015 teleconference, Defendants refused. Further, as the information Plaintiffs request will provide information only as to the text messages that remained resident on his cell phones as of last month when the review was conducted, such information will only reflect that Mr. O'Sullivan (like most people with cell phones) either did or did not delete text messages exchanged with certain individuals prior to the commencement of this lawsuit. We fail to see how this information can provide Plaintiffs with any basis to renew their request for his telephone to be reexamined by their chosen third-party vendor. Given that discovery has now been completed for twenty days, Plaintiffs never requested that Defendants provide Mr. O'Sullivan's text message records and waited until nearly a week before discovery was scheduled to conclude, Your Honor should deny this request.

      Amazingly, Plaintiffs also for the first time on April 3, 2015 requested that Defendants produce all text messages (regardless of relevance to this lawsuit) between Mr. O'Sullivan and ACS employees after the commencement of this litigation. Defendants advised Plaintiffs that consistent with the position Plaintiffs have taken on post-commencement text messages, we would not produce the requested messages. (D. Hancock Tr. 227 (Ms. Jennik noted that she had not and would not produce three responsive text messages that Mr. Hancock provided to Plaintiffs' counsel since they were exchanged after the commencement of this litigation)).

      Defendants request that Your Honor deny Plaintiffs request for a conference. To the extent Your Honor believes a conference is warranted, Defendants' counsel will be out of town on Thurday April 16th and Friday April 17th and will return on Monday April 20th.

JONES DAY

Joshua M. Grossman
April 14, 2015
Page 3

                                                  Very truly yours,

                                                  */s/ Joshua M. Grossman*

                                                  Joshua M. Grossman

# EXHIBIT A

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK

In re:                                  :
                                                Docket #14cv8326
 MOORE, et al.,                         :

               Plaintiffs,              :

 - against -                            :

 NAVILLUS TILE INC., et al.,            :
                                                New York, New York
               Defendants.              :       March 20, 2015

----------------------------------------:

                       PROCEEDINGS BEFORE
                 THE HONORABLE JAMES L. COTT,
          UNITED STATES DISTRICT COURT MAGISTRATE JUDGE


APPEARANCES:

For the Plaintiffs:     KENNEDY, JENNIK & MURRAY, PC
                        BY:  THOMAS KENNEDY, ESQ.
                             SUSAN JENNIK, ESQ.
                             SERGE AMBROISE, ESQ.
                        113 University Place
                        New York, New York  10003

For Defendants -        JONES DAY
Navillus Tile, Donal    BY:  JOSHUA GROSSMAN, ESQ.
O'Sullivan & Helen      222 East 41st Street
O'Sullivan:             New York, New York  10017

For Defendant -         BOND, SCHOENECK & KING, PLLC
Advanced Contracting    BY:  LOUIS DILORENZO, ESQ.
Solutions:                   ALLISON ZULLO GOTTLIEB, ESQ.
                        600 Third Avenue, 22nd Floor
                        New York, New York  1001661

Transcription Service:  Carole Ludwig, *Transcription Services*
                        141 East Third Street #3E
                        New York, New York 10009
                        Phone:  (212) 420-0771
                        Fax:  (212) 420-6007

Proceedings recorded by electronic sound recording;
Transcript produced by transcription service.
```

```
APPEARANCES (CONTINUED):

For Defendants - Times    PECKAR & ABRAMSON. PC
Square Construction,      BY:  GREGORY R. BEGG, ESQ.
Inc. & Kevin O'Sullivan: 70 Grand Avenue
                          River Edge, New Jersey  07661
```

```
 1                                                              6
 2           MR. KENNEDY:  Well I believe, Your Honor, that the
 3  response from the defendants was insufficient in a number of
 4  ways, it didn't indicate how many messages they reviewed,
 5  how many messages were retrieved from the phones, and that's
 6  why, as his letter indicates and my letter indicates, as
 7  well, I first said to the plaintiffs, well, if you've done a
 8  technical extraction, allow us to review the report that was
 9  produced in connection with these phones and we may decide
10  at that point not to go further with this request, although
11  we reserve the right to do that. And we think part of the
12  problem here is that the defendants took the position that
13  they would not produce the report that would give us details
14  of what it is was actually reviewed.
15           THE COURT:  Well I'm inclined to direct them to
16  produce the report to you, and I'm inclined, to the extent
17  necessary, to have Mr. Goldsmith so state in an affidavit
18  that his review confirmed that these text messages and iChat
19  messages were not related to the business of ACS, and as far
20  as I'm concerned that should be the end of it. Now if you
21  think upon your review of their forensic examination there's
22  going to be some basis to reopen this question, obviously I
23  can't preclude that, but I'm not prepared on the record
24  before me, unless there is something I'm missing, to order
25  that you've asked because I'm not sure there's a basis to do
```