# KENNEDY, JENNIK & MURRAY, P.C.

ATTORNEYS AT LAW

113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500

* * *

FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
tkennedy@kjmlabor.com

March 3, 2016

**Via ECF**
Hon. James L. Cott
U.S. District Courthouse
500 Pearl Street, Room 1360
New York, NY 10007

      Re:    *Moore, et al. v. Navillus, et al.*, 14-CV-8326 (CM) (JLC)

Dear Magistrate Judge Cott:

      I write as counsel to Plaintiffs in the above-referenced case to request that Defendants be ordered to produce to Plaintiffs (or to the Court for *in camera* inspection) the text messages that Defendant Donal O'Sullivan exchanged with alleged ACS owners Willie O'Donnell and Hazelyn Corcoran between November 28, 2014 through February 25, 2015. I am copying this letter to Judge McMahon in the event she prefers that this matter be addressed at the case conference she has scheduled for March 18, 2016.

      A pre-motion conference was held today between attorneys for the Plaintiffs and all Defendants and the parties were not able to agree upon the resolution of this request or another discovery matter described below.

      The basis for Plaintiffs request concerning the text messages can be briefly summarized below:

1. Defendants' attorneys only reviewed four (4) of the 461 text messages that were exchanged between Donal O'Sullivan and ACS executives from July, 2013 through October 17, 2014 before they certified that none of the texts extant on Donal O'Sullivan's telephones related to the business of ACS. Less than 1% of the text messages were in fact reviewed by Defendants' counsel prior to making their certification that these messages did not relate to the business of ACS.

2. Judge McMahon has entered a Memorandum Decision and Order denying Defendants' motions for summary judgment specifically noting that while "Moriarty has testified that Donal has no role in day to day operations of ACS", "phone records show that Donal was in frequent contact with several ACS executives between ACS's formation and the initiation of this lawsuit" (Dkt No. 165 at 4-5.) There is no question that the substance of these text messages is important in resolving this key factual dispute.

**KENNEDY, JENNIK & MURRAY, P.C.**
ATTORNEYS AT LAW

Hon James L. Cott
March 3, 2016
Page 2

These circumstances warrant review of the text production issue and an Order directing Donal O'Sullivan to produce the 60 text messages exchanged on the following dates:

| **Alleged ACS Owner** | **Dates of texts** |
|---|---|
| Hazelyn Corcoran | December 7, 8, 12 and 13, 2014, January 12, 13, 14, 20, 21, 26, 28 and 31, February 20, 24 and 25 |
| Willie O'Donnell | November 28 and December 19, 2015, January 7 and February 14, 2015 |

Factual Background:

Plaintiffs, who are Trustees of employee benefit funds, assert that Defendant Advanced Contracting Solutions, LLC ("ACS") is an alter ego of Defendant Navillus Tile, Inc. ("Navillus"). Defendant Donal O'Sullivan is an owner of Navillus. ACS began operations in July, 2013. From September 4, 2013 through October 17, 2014, two telephones owned by Donal O'Sullivan show 461 texts with ACS executives.[1] Plaintiffs contend that these, like other emails they obtained showing Donal's total domination and control over ACS, demonstrate that ACS is a mere alter ego of Navillus. Donal O'Sullivan contends that these communications are merely friendly communications that have nothing to do with the business of ACS.

In response to prior requests by Plaintiffs that Donal O'Sullivan be ordered to produce the substance of these text messages, on March 20, 2015 Your Honor directed that the attorneys for Defendants certify that they have reviewed the extant text messages and that those messages were not related to the business of ACS. Defendants' counsel did produce such a certification but that certification did not set forth the number of text messages that they reviewed in reaching that determination.

On April 15, 2015, Magistrate Judge Cott stated that "[f]or the reasons discussed during the telephone conference held today, the discovery dispute described in the parties' letters to the Court (Dkt. Nos. 100-101), is resolved as follows: Defendants' counsel, Joshua Grossman, shall provide plaintiffs with a supplemental certification no later than April 22, 2015 identifying both the total number of text messages he reviewed from Donal O'Sullivan's cellphones and the date and time of each message reviewed."

The Supplemental Declaration Mr. Grossman submitted to Plaintiffs dated April 20, 2015 identified 73 messages from July 1, 2013 to October 17, 2014 that were resident on Donal

---

[1] There were also 428 calls between Donal O'Sullivan and these ACS executives in this period but their substance cannot, of course, be obtained See Ex 216 to the Ambroise Declaration submitted in opposition to the Defendants' Summary Judgment Motion. Dkt No. 149.

**KENNEDY, JENNIK & MURRAY, P.C.**
ATTORNEYS AT LAW

Hon James L. Cott
March 3, 2016
Page 3

O'Sullivan's phones that he reviewed and found only one that concerned the business of ACS. But only four (4) of the reviewed messages are among the 431 text messages identified by Plaintiffs as occurring during the time reviewed. In other words, for the period July 1, 2013 to October 17, 2014, less than 1% of the actual text messages Donal O'Sullivan exchanged with ACS executives and owners remained on Donal O'Sullivan's telephone as of April 20, 2015 and have been reviewed by Counsel for Defendants.[2]

Plaintiffs initially requested that Defendants produce their electronic records through the date the Complaint was filed on October 17, 2014. Had Defendants maintained their text messages through that date, nothing further would have been necessary. The extraordinary circumstance that only four of these messages survive and none of them relate to the business of ACS compels a wider production of these messages for the period from October 17, 2014 through the last message on February 25, 2015.

Defendants contended at the conference held to discuss this request that Plaintiffs are not entitled to obtain this evidence in part because they did not appeal the April 15, 2015 Order requiring that Defendant's file a supplemental certification identifying the number of texts that were reviewed by counsel. Plaintiffs had no reason to appeal that order and were entitled to await both the filing of the supplemental certification as well as the decision on summary judgment before renewing this request. The April 15, 2015 Order was not a final adjudication of anything. It was appropriate for Plaintiffs to wait until the court ruled on the Summary Judgment motions that were about to be filed before again addressing this issue since we anticipated (correctly as it turns out) that the Court would refer to the factual dispute over these communications and that determination would help frame this dispute for the Magistrate.

We note that in *Bordelon v. Winn-Dixie La.*, 1998 U.S. Dist. LEXIS 14572 (E.D. La. Sept. 14, 1998), the court observed that it was appropriate to revise a Magistrate's prior order since at the time of that order, the court had not ruled on whether certain evidence was admissible at trial. Plaintiffs are not attempting to re-open discovery in this matter but rather to produce documents that are necessary to cure the failure of Defendants to produce in discovery the documents that would resolve a key factual dispute relating to these text messages.

Finally we note a troubling fact that bears on this issue. On March 19, 2015, Defendants wrote the Court in connection with the dispute over production of text messages and stated that

---

[2] Mr. Grossman's declaration actually states that he reviewed 73 communications between Donal O' Sullivan and ACS executives but 69 of those communications are in electronic forms that Plaintiffs were not aware that Donal O'Sullivan was using to communicate with ACS executives. The net effect of the 69 additional messages is to essentially render unknowable the number of potential communications that Donal O'Sullivan had with ACS executives during the operations of ACS. Of the texts identified by Plaintiffs from the subpoenaed AT&T records, fewer than 1% were reviewed.

"In fact, the first time Plaintiffs requested the production of all text messages that Mr. Donal O'Sullivan . . . sent to or received from five individuals working for [ACS] relating to the business of ACS from July 1, 2013 to October 17, 2014 was on February 20, 2015…" (Dkt. No. 91.) The subpoenaed AT&T records Plaintiffs obtained in March, 2015 show that the texting between Donal O'Sullivan and these ACS executives ceased on or about February 25, 2015. If the texting was innocent, why did it stop immediately after Defendants were presumably informed by their counsel that Plaintiffs were seeking their text messages?

A dispute over attorney client redactions

At the conference today, the parties discussed objections by Plaintiffs to certain redactions made by Defendant ACS based on attorney client privilege. The parties agreed that Defendant ACS would have until March 11, 2016 to consider and respond to those objections. If the matter is not resolved, Plaintiffs will seek to add this issue to any conference convened to address these discovery issues.

Very truly yours,

Thomas M. Kennedy

cc: Judge McMahon
All Counsel