# JONES DAY

222 EAST 41ST STREET • NEW YORK, NEW YORK 10017.6702

TELEPHONE: +1.212.326.3939 • FACSIMILE: +1.212.755.7306 • EMAIL: WGOLDSMITH@JONESDAY.COM

March 7, 2016

**VIA ECF**
Hon. Colleen McMahon
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1640
New York, NY 10007

        Re:    <u>Moore, et al. v. Navillus Tile, Inc., et al., 14-CIV-8326 (CM)(JLC)</u>

Dear Judge McMahon,

      We write on behalf of Defendants, Navillus Title Inc. ("Navillus"), Donal O'Sullivan, and Helen O'Sullivan, in response to Plaintiffs' Letter Motion, filed on March 3, 2016. Although Plaintiffs' letter on March 3, 2016, was addressed to Magistrate Cott, we address this letter to Your Honor because we believe Your Honor has jurisdiction over the case inasmuch as the issues raised by Plaintiffs are to be addressed by the district court on review. We copy Magistrate Cott in the event that Your Honor determines discovery should be reopened and Magistrate Cott should revise the Scheduling Order.

      Defendants have been before this Court on two separate occasions regarding the production of text messages and Defendants have fully complied in both instances. Specifically, on April 15, 2015, Magistrate Cott determined that Defendants need not produce post-complaint text messages. *See* Order (April 15, 2015, DKT 102). Plaintiffs failed to challenge this Order within the fourteen (14) day time limited required under Fed. R. Civ. Pro. 72(a). Plaintiffs cannot satisfy any legal test to challenge a discovery order previously made by this Court, nor can they satisfy the requirements to reopen discovery. As such, Defendants respectfully request that Plaintiffs' Letter Motion be denied. *See* Letter Motion (Mar. 3, 2016, DKT 169).

      The first time Plaintiffs requested the production of all text messages that Mr. Donal O'Sullivan ("Mr. O'Sullivan") sent to or received from five individuals working for ACS relating to the business of ACS from July 1, 2013 to October 17, 2014 was on February 20, 2015. Although Plaintiffs waited until there was only one month left in discovery to make such a request, Defendants agreed to produce any pre-complaint responsive text messages resident on Mr. O'Sullivan's two cell phones. To comply with this agreement, Defendants were required only to physically review the texts resident on Mr. O'Sullivan's cell phones for any messages to and from the five individuals identified by Plaintiffs' counsel to determine if any text messages were related to the business of ACS. Defendants however, hired a third-party vendor, Computer Evidence Recovery, Inc., to conduct a forensic data acquisition and extraction on Mr. O'Sullivan's two cell phones to retrieve and organize both resident and deleted text and iChat messages. Once retrieved, defense counsel reviewed all resident text and iChat messages. It was

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Willis J. Goldsmith
March 7, 2016
Page 2

determined that no resident text messages related to the business of ACS. Defense counsel advised Plaintiffs' counsel of this fact in an e-mail on March 13, 2015.

During a meet and confer on March 16, 2015, defense counsel explained to Plaintiffs' counsel that Navillus hired an independent third-party forensic examiner to acquire and extract the text and iChat messages resident and deleted from the two cell phones. Plaintiffs' counsel, Mr. Kennedy, requested that he be provided with Computer Evidence Recovery, Inc.'s report.

On March 17, 2015, Plaintiffs' counsel sent this Court a letter requesting that their third-party vendor review the cell phones at issue. In this letter, Plaintiffs' counsel explained that they "served a subpoena upon AT&T to produce the record of text messages sent and received from two cell phones [] believe[d] to have been utilized by Donal'O Sullivan . . . ." *See* Plaintiffs' Letter Motion (March 17, 2015, DKT 87).

On March 20, 2015, this Court considered Plaintiffs' request and determined that Defendants should turn over the forensic report on the cell phones and an affidavit affirming that all the reviewed text messages "were not related to the business of ACS," but did not need to turn over Mr. O'Sullivan's cell phone to Plaintiffs' third-party vendor. *See* Order (March 20, 2015, DKT 93). This Court articulated that upon review of this information, if Plaintiffs' counsel had "some basis to reopen this question," they could do so. Defendants complied with the Order and provided the forensic report and the declaration.

At all times described above, the production of text messages contemplated between the parties were only those text messages sent and received before the Complaint issued. During the deposition of non-party David Hancock on March 6, 2015, when questioned as to why Plaintiffs' counsel only produced one of the four responsive text messages from Mr. Hancock, Plaintiffs' counsel, Ms. Susan Jennik, stated that she was taking the position that the other three text messages took place after the lawsuit commenced and hence she would not produce them. *See, e.g.*, Deposition of David Hancock.

Discovery officially closed on March 25, 2015. *See* Order (March 12, 2015, DKT 80). Only on April 3, 2015, nine (9) days after discovery had closed, did Plaintiffs' counsel first request post-complaint text messages (those texts exchanged post-October 17, 2014). *See, e.g.*, Plaintiffs' Letter, April 3, 2015 attached hereto as Exhibit A. Plaintiffs' counsel also requested the "date, time, and originating or receiving telephone number of the resident messages that were extracted . . . ." *Id.* At the time of this request, Plaintiffs' counsel had already subpoenaed and received all of Mr. O'Sullivan's cell phone records from AT&T. *Id.*

On April 15, 2015, this Court addressed Plaintiffs' request. This Court determined that Defendants need not produce any post-complaint text messages. *See* Order (April 15, 2015,

JONES DAY

Willis J. Goldsmith
March 7, 2016
Page 3

DKT 102).  This Court also determined that Defendants shall produce a declaration, stating the total amount of text messages reviewed, and the date and time each resident text message was reviewed.  *Id*.  Defense counsel complied with the April 15, 2015 Order, and on April 22, 2015, sent Plaintiffs' counsel the Supplemental Declaration.[1]  *See, e.g.*, Supplemental Declaration of Joshua Grossman.  Once Defendants sent the Supplemental Declaration to Plaintiffs, Plaintiffs' counsel could easily compare the AT&T records and Mr. Joshua Grossman's Supplemental Declaration to determine the percentage of texts reviewed as of April 22, 2015.

Since the April 15, 2015 Order, Plaintiffs' counsel has not mentioned any other discovery issues, nor have they challenged any discovery order made by this Court.  On February 24, 2016, Defendants' Motion for Summary Judgment was denied by Your Honor.  *See* Memorandum Decision and Order Denying Defendants' Motions for Summary Judgment (Feb. 24, 2016, DKT 165).  A Pre-Trial Conference is scheduled to occur before Your Honor on March 18, 2016.  *See* Calendar Notice (Feb. 24, 2016, DKT 166).  Pre-trial issues have already been addressed by the parties pursuant to the Joint Pre-Trial Order.

Plaintiffs' counsel now request that this Court "revise" Magistrate Cott's Discovery Order from April 15, 2015.  Plaintiffs' counsel believe the Order was not final, and in light of Your Honor's denial of Defendants' Motion for Summary Judgment, a change of circumstances has occurred to warrant the discovery of Defendants post-complaint text messages.  To support their argument, Plaintiffs' counsel again reference the fact that defense counsel only reviewed approximately 1% of Mr. O' Sullivan's text messages.

Plaintiffs' request should be denied because Magistrate Cott's Order on April 15, 2015 was a final order and Plaintiffs failed to timely challenge that Order pursuant to Fed. R. Civ. Pro. 72(a) ("Rule 72(a)").  Rule 72(a) applies since Plaintiffs are undeniably seeking the "modif[ication] or set[ting] aside" of Magistrate Cott's April 15, 2015 Order.  While Plaintiffs' counsel argue that there was no final adjudication on April 15, 2015, this argument is baseless, because Plaintiffs specifically requested these post-complaint texts at the conference and their request was addressed and denied.  Magistrate Cott correctly denied Plaintiffs' request upon hearing that Plaintiffs also refused to turn over post-complaint text messages.  *See, e.g.*, Deposition of David Hancock.  Accordingly, this was a final adjudication of the issue, which Plaintiffs now seeks to modify or set aside.

---

[1] On April 20, 2015, Mr. Joshua Grossman learned that one resident text message was incorrectly categorized as non-relevant.  Immediately, defense counsel notified Plaintiffs' counsel and subsequently turned the text message over to Plaintiffs' counsel.

**JONES DAY**

Willis J. Goldsmith
March 7, 2016
Page 4

Since Rule 72(a) applies and the rule imposes a fourteen day requirement on filing objections, Plaintiffs' request must be dismissed because Plaintiffs' counsel waited approximately one year to make their request. *See Boyar v. Modell*, 1986 WL 5381 (2d Cir. 1986) ("Objections to a magistrate's order are governed by the timely filing requirements . . . ."). Plaintiffs correctly rely on the case of *Bordelon v. Winn-Dixie*, 1998 U.S. Dist. 14572 (E.D. La. Sept. 14, 1998) to set out the standard for challenging a magistrate's discovery order. But what Plaintiffs fail to mention is that in *Bordelon*, the challenging party raised the issue within the time limit imposed by Rule 72(a). *See Bordelon v. Winn-Dixie* (DKT 91, 113) (challenging the Magistrate's Order from Aug. 10, 1998 on Aug. 19, 1998). Here, Plaintiffs failed to comply with the timing rules; therefore, unlike the challenging party in *Bordelon*, they are not entitled to any type of review. *See Boyar*, at *3 ("[T]he Court of Appeals for this circuit explicitly rejected [] that a district judge has any obligation to review even a magistrate's findings [] in the absence of timely objections".).

Even if there was no fourteen day requirement imposed by Rule 72(a), the standard set forth in that Rule provides that a magistrate's order can only be modified or set aside if it is "clearly erroneous or contrary to law," which Magistrate Cott's ruling clearly was not. *See Samad Bros. v. Bokara Rug Co.,* 2011 WL 4357188 (S.D.N.Y. Sept. 19, 2011) ("This Court reviews a Magistrate's [] discovery ruling pursuant to Rule 72(a) . . . a court must 'modify or set aside any part of the order that is clearly erroneous or is contrary to law.'"). First, Plaintiffs failed to request any type of text messages from Defendants until a month before discovery was scheduled to conclude. *See* Order (March 20, 2015, DKT 93). Only after discovery concluded did Plaintiffs request post-complaint text messages from Defendants. *See, e.g.*, Plaintiffs' Letter, April 3, 2015. Upon hearing that Plaintiffs themselves also refused to produce post-complaint text messages, Magistrate Cott determined that the issue was not controversial. *See* Order (April 15, 2015, DKT 102); *see also* Deposition of David Hancock. In fact, Plaintiffs' counsel does not even discuss the substance of Magistrate Cott's April 15, 2015 Order in their current request, let alone argue that Magistrate Cott's decision was clearly erroneous or contrary to law.

Even if Rule 72(a) did not apply, and notwithstanding Plaintiffs' representation that they are not trying to reopen discovery, that is exactly what they are trying to do. Pursuant to Fed. R. Civ. P. 16, a scheduling order "may be modified for good cause." *Jeannite v. City of New York Dep't of Bldgs*., 2010 WL 2542050 (S.D.N.Y. Jun. 21, 2010). Because a "finding of good cause depends on the diligence of the moving party," Plaintiffs cannot satisfy the standard, as they waited approximately one year to attempt to resolve this issue. *Id.; see, e.g.*, *In re Barnet*, 2014 U.S. Dist. 179828 (S.D.N.Y. Dec. 30, 2014) (The moving party's "lack of diligence is [] evidenced by their delay [] in filing the instant motion and by the absence of an earlier request to the Court to reopen discovery."). In considering whether a moving party acted in good faith, this Circuit also considers the following factors: "(1) the imminence of trial; (2) whether the request

JONES DAY

Willis J. Goldsmith
March 7, 2016
Page 5

is opposed; (3) prejudice to the non-moving party; (4) whether the moving party foresaw the need for additional discovery, in light of the discovery deadlines set by the court; and (5) whether further discovery is likely to lead to relevant evidence." *Jeannite,* at *5.

In this case, the majority of the factors weigh in favor of the Defendants, and as such, Plaintiffs' request must be denied. The Joint Pre-Trial Order was filed last year, and the Pre-Trial Conference is set for March 18, 2016. *See* Calendar Notice (Feb. 24, 2016, DKT 166). The Defendants oppose reopening discovery, and if discovery is reopened, it will prejudice Defendants economically. Plaintiffs foresaw the need for the additional discovery, as they requested this exact information over a year ago. *See* Order (April 15, 2015, DKT 102). Plaintiffs now emphasize that they are aware that Defendants reviewed 1% of the text-messages at issue during discovery, yet this information was known to Plaintiffs in April 2015 when they could have compared the Declarations provided by Mr. Grossman and the AT&T records they previously subpoenaed. Nothing has changed, thus all discovery issues were foreseen by Plaintiffs. Finally, the review of additional text messages post-complaint is unlikely to lead to relevant evidence because only one pre-complaint text related to the business of ACS. Plaintiffs cannot meet the good cause standard to reopen discovery. In fact, Plaintiffs seem to admit their lack of diligence in their recent letter to this Court when they expressed that "Plaintiffs had no reason to appeal [] and were entitled to await . . . the decision on summary judgment before renewing [their] request." *See* Plaintiffs' Letter Motion (Mar. 3, 2016, DKT 169).

Defendants have appropriately complied with every discovery order issued by this Court. Plaintiffs failed to make the necessary challenges to these orders during the appropriate time. Even if Plaintiffs had appropriately preserved this issue, Magistrate Cott's decision was not clearly erroneous because Plaintiffs refused to produce the exact documents they are requesting from Defendants. Finally, Plaintiffs' counsel conceded during a discovery conference on March 3, 2016, that the only significant change in this matter over the past year is Your Honor's denial of Defendants' Motion for Summary Judgment. Your Honor's decision is, of course, not a finding that an alter-ego relationship exists between or among Defendants. That a trial will be scheduled as a result of Your Honor's decision does not constitute a basis to reopen discovery.

For the foregoing reasons, Plaintiffs' request should be denied.

Very truly yours,

*/s/ Willis J. Goldsmith*
Willis J. Goldsmith

cc:   Magistrate James L. Cott
      All Counsel

# EXHIBIT A

# Plaintiffs' Letter, April 3, 2015

# KENNEDY, JENNIK & MURRAY, P.C.

ATTORNEYS AT LAW

113 UNIVERSITY PLACE
NEW YORK, NEW YORK 10003
(212) 358-1500

\* \* \*

FACSIMILE (212) 358-0207

THOMAS M. KENNEDY
tkennedy@kjmlabor.com

April 3, 2015

**VIA EMAIL**  wgoldsmith@jonesday.com
jgrossman@jonesday.com

Willis J. Goldsmith, Esq.
Josh Grossman, Esq.
Jones Day
222 East 41st Street
New York, NY 10017-6702

Re:   *Moore, et al. v. Navillus Tile, Inc., et al.*
14-CV-8326 (CM)(JLC)

Dear Mssrs. Goldsmith and Grossman:

 We have reviewed the report of Computer Evidence Recovery, Inc. supplied by the Defendants Navillus and Donal O'Sullivan and the accompanying declaration by Mr. Josh Grossman. The Computer Evidence Recovery, Inc. report indicates that they found "responsive artefacts" from the Apple iPhone 5s using telephone number (917) 217-7302. Mr. Grossman states that he reviewed all of the extracted numbers from (917) 217-7302 relating to Hazelyn Corcoran, John Kuefner, Eoin Moriarty and Willie O'Donnell ("the ACS Executives") from July 1, 2013 through October 17, 2014 and concluded that none of them related to the business of ACS.

 Plaintiffs received from AT&T Mobility text records from telephone number (917) 217-7302 which contain the text records for the period for which Plaintiffs have requested that Mr. O' Sullivan produce text messages. These records were produced to you on Wednesday, April 1, 2015 under Bates Range ATT 1 – 726. The subpoenaed text records show that Mr. O' Sullivan exchanged 460 text messages with Hazelyn Corcoran, John Kuefner, Eoin Moriarty and Willie O'Donnell from July 1, 2013 through October 17, 2014. It also appears that Hazelyn Corcoran, for example, exchanged an additional 25 text messages with Donal O'Sullivan between January 12, 2015 and February 25, 2015.

 Please identify for us the date, time and originating or receiving telephone number of the resident messages that were extracted from the Apple iPhone 5s by Computer Evidence Recovery, Inc. and then reviewed by Mr. Grossman. The dates, times and telephone numbers

**KENNEDY, JENNIK & MURRAY, P.C.**
ATTORNEYS AT LAW

involved are not confidential given that Plaintiffs already have the AT&T records. But Plaintiffs do not know which messages were successfully extracted by Computer Evidence Recovery, Inc. and this information about which texts were actually extracted and reviewed is necessary to evaluate whether Plaintiffs will renew their request to examine the telephones in question.

Under the circumstances in which no text messages prior to October 17, 2014 have been found responsive, we also request production of the post-October 17, 2014 messages exchanged between Mr. Donal O' Sullivan and the ACS Executives, including messages exchanged with Hazelyn Corcoran on December 7, 8, 12, 13, 16 and 17, 2014, January 12, 13, 14, 20, 21, 26, 28, 31 and February 20, 24 and 25, 2015 and with Willie O'Donnell on November 28, December 19, 2014 and January 7 and February 14, 2015.

Thank you for your prompt attention to these requests.

Sincerely,

Thomas M. Kennedy

C: All Counsel