UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

TERRENCE MOORE, *et al.*,

    Plaintiffs,

  -against-                              No. 14 Civ. 8326

NAVILLUS TILE, INC., *et al.*,

    Defendants.

------------------------------------------------------------------x

THOMAS GESUALDI, *et al.*,

    Plaintiffs,

  -against-                              No. 15 Civ. 8441

NAVILLUS TILE, INC., *et al.*,

    Defendants.

------------------------------------------------------------------x

McMahon, C.J.:

## OPINION AND ORDER

On September 20, 2017, following a seven-day bench trial, this Court issued its Findings of Fact, Conclusions of Law, and Verdict in favor of Plaintiffs. (Dkt. No. 149.) On September 22, 2017, the Clerk entered judgment in the amount of approximately $76 million. (Dkt. No. 150, (the "Judgment").) Defendants Navillus Tile, Inc. d/b/a Navillus Contracting ("Navillus") and Advanced Contracting Solutions, LLC, d/b/a ACS NY LLC have filed notices of appeal from the Judgment. (*See* Dkt. Nos. 152, 154.)

1

Defendant Navillus moved, pursuant to Rule 8(a)(1) and Rule 62(d) of the Federal Rules of Civil Procedure and this Court's inherent authority, to stay the execution of the Judgment or any proceedings to enforce the Judgment pending its appeal to the Second Circuit without requiring it to post a supersedeas bond. The gravamen of its argument is that execution of the Judgment will render it insolvent and likely drive it into bankruptcy.

Plaintiffs oppose the instant motion on several grounds. They argue that Defendant Navillus has the resources to post a supersedeas bond. But of particular concern to Plaintiffs is what they view as the serious risk of its attempting to secret its assets while the appeal is pending, based on the conduct that was proven at the trial.

On September 27, 2017, the parties appeared and argued the motion before the Court.

For the reasons set forth below, Defendant's motion is DENIED.

**Discussion**

Under Rule 62(d), "If an appeal is taken, the appellant may obtain a stay by supersedeas bond," which "may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." "The stay takes effect when the court approves the bond." *Id.* There is no requirement that a supersedeas bond be posted as a condition of taking an appeal; however, a bond must be posted in order to stay execution of a judgment while that appeal is pending. *See id.*

The purpose of the rule requiring the posting of a supersedeas bond is "to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *In re Nassau Cty. Strip Searches Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (quoting *Cleveland Hair Clinic, Inc. v. Puig*, 104 F.3d 123, 125 (7th Cir. 1997)). Significantly, the bond requirement is not designed to protect the judgment debtor's ability to continue in business; rather, it is designed to

2

minimize or eliminate the risk that it will pay the judgment, only to find that it cannot get the money back pending appeal.

Rule 62(d) is not couched in discretionary language. And because appellate courts and judges are expressly exempted from the reach of Rule 62 (see Fed. R. Civ. P. 62(g)), district courts are seemingly bound by the restrictions written into the rule – one of which is the requirement that bond be posted, and approved by the court, before an enforcement of a money judgment will be stayed.

It is nonetheless Second Circuit law that a district court can, in its discretion, waive the bond requirement imposed by Rule 62(d) – but only if the appellant provides an acceptable alternative means of securing the judgment. In the most recent case affirming a district court's order circumventing Rule 62(d), *In re Nassau County Strip Search Cases*, 783 F.3d 414 (2d Cir. 2015), the Circuit announced a test to be applied by district courts in determining whether to waive the supersedeas bond requirement under Rule 62(d). The test to be applied is a five-factor test first used by the Seventh Circuit in *Dillon v. Chicago,* 866 F.2d 902, 904–05 (7th Cir. 1988). It calls on district courts to consider:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Nassau County,* 783 F.3d at 417. In *Nassau County*, the third and fourth factors were determinative. The court observed that the posting of bond would be a waste of money "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money," and noted that, "Nassau County has demonstrated the existence of appropriated funds, 'available for the purpose of paying judgments without substantial delay or other difficulty," while

3

the plaintiffs offered no evidence to the contrary. Indeed, in that case, both sides agreed that Nassau County had ample resources to pay the underlying judgment; the judgment creditor's only concern was whether the judgment would be timely paid if it were affirmed on appeal. Therefore, the Court of Appeals affirmed the district court's order granting a stay of enforcement of a money judgment against the County without requiring the posting of any bond.

That is not this case. Defendant Navillus advises the Court both that it cannot satisfy the judgment entered against it and cannot obtain a supersedeas bond in the amount of the judgment from any source. (Padraig Naughton Decl., Exs. B, C). That concession is determinative as to factors two, three, and four; Defendant has "not shown that [it] will be able to quickly pay the judgment following the appeal, that [it] will have funds available to pay the judgment, or that [its] ability to pay is so plain that it would be a waste of money to post a bond." *Hardwick v. Sunbelt Rentals, Inc.*, No. 09-CV-1106, 2010 WL 3270053, at *6 (C.D. Ill. Aug. 17, 2010) (applying the *Dillon* factors). Indeed, Defendant Navillus' insistence that satisfying *any amount* of the bond would plunge it into bankruptcy undercuts its position on those three factors. *Id.* at *6.

Factor one also favors requiring imposition of a bond. Much of Navillus' net worth is tied up in hard assets – the ready cash on its balance sheet is a small fraction of its net worth -- from which I can fairly infer that collection of this judgment would be complicated and time consuming.

Therefore, the first four factors, taken together, counsel strongly against granting Navillus the only relief it seeks from this court – waiver of Rule 62(d)'s bond requirement and a stay of enforcement without the posting of any bond whatever.

That leaves the fifth factor: the bond requirement places Navillus' other creditors in a precarious financial position. That cannot be gainsaid. Until this judgment was entered, Navillus was not in a precarious financial position – far from it. Navillus has provided the Court with

4

financial records demonstrating that Navillus had $109 million in assets as of March 31, 2017 against $62 million in liabilities. There is $47.3 million in stockholder equity in the company, and it had $44 million in retained earnings at the end of the last fiscal year. It has – or until last week, it had – a strong balance sheet. Nonetheless, the amount of the judgment is such that it cannot post a bond to secure that judgment; it has tried and failed to obtain such a bond. Its other creditors are without a doubt imperiled – albeit one might say that is not because of the bond requirement, but because of the judgment itself.

However, assuming *arguendo* that Navillus has proven the fifth factor, that does not mean the other *Nassau County* factors are outweighed. Indeed, in precisely this situation – where the movant's only compelling argument was under the fifth factor – Judge Rogers of the Northern District of California refused to suspend the requirement of Rule 62(d). *Angioscore, Inc. v. Trireme Medical, Inc.*, No. 12-CV-03393-YGR, 2015 WL 13387576 (N.D. Cal. Oct. 23, 2015). In that case, the judgment debtor argued that its financial situation was parlous and urged the Court to replace the bond requirement with three conditions that supposedly would protect the judgment creditor against the debtor's dissipation of assets pending appeal. Noting that the proposal made in lieu of posting bond (which did not include the posting even of partial bond) afforded "rather limited safeguards" to the judgment creditor, "particularly in light of defendants' purported financial frailty," Judge Rogers held that:

> the remaining factors are neutral or cut against waiving the bond requirements. Specifically, as to the first, third, and fourth factors, defendants' representations [about their precarious financial situation] suggest the collection process may be arduous and the availability of sufficient funds in future years, in light of the other creditors referenced, is questionable.

*Id.* at *2.

Judge Rogers' striking of the balance between factors one, three, four, and five in favor of the first three and against the latter strikes me as eminently reasonable. The first four *Dillon/Nassau*

*County* factors are specifically addressed to the paramount concern of Rule 62(d) – protection of the interests of the judgment creditor whose case is before this Court. Factor five is not, by its terms, intended to protect the judgment debtor, but rather the judgment debtor's other creditors. It is, therefore, a weak reed on which to premise an argument that the bond requirement should be waived – especially where, as here, the movant wants it waived entirely and unconditionally.

I have undertaken this analysis of the five *Dillon/Nassau County* factors even though Navillus does not address them in its moving papers.[1] Rather, in support of its motion, Navillus calls the Court's attention to the following language from the Second Circuit's opinion in *Texaco Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1157 (2d Cir. 1986) (*rev'd*, 481 U.S. 1 (1987) – language, it argues, that has been relied on by other courts in this district and circuit to permit a waiver of the requirement of the bond:

> [A]n inflexible requirement for . . . denial of a stay of execution unless a supersedeas bond in the full amount of the judgment is posted can in some circumstances be irrational, unnecessary, and self-defeating, amounting to a confiscation of the judgment debtor's property without due process."

*Texaco Inc.*, 784 F.2d at 1154. And it directs the Court to several such cases – none of which applies any five-factor test; each of which instead discusses the four-factor test for staying enforcement of a judgment pending appeal that was announced by the United States Supreme Court in *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.*

---

[1] Plaintiffs also inexplicably fail to make mention of the *Nassau County* case in their brief.

Most of the cited cases do not arise under Rule 62(d), but instead implicate Rule 62(c), which provides for stays of enforcement of injunctions pending appeal – cases that are utterly inapplicable here and so need not be discussed.

However, I recognize that several of my colleagues have decided motions seeking suspension of the Rule 62(d) bonding requirement by discussing the *Hilton* factors. But most of these cases predate *Nassau County*. And in *Nassau County*, the Circuit made it quite explicit that the *Hilton* factors did not apply to motions seeking relief from the requirement of Rule 62(d); it stated that the *Dillon* factors, "in contrast to the traditional stay factors, more directly address the primary purpose of Rule 62(d)," which is "to ensure recovery for a party who ultimately prevails on appeal, and to protect the judgment debtor from the risk of losing the money if the decision is reversed." *Id.*, 783 F.3d at 418. It could, therefore, not be clearer that the "traditional stay factors" factors argued by Navillus – the *Hilton* factors – are inapplicable to the situation in which it finds itself. To the extent any of my colleagues applied the *Hilton* factors in the Rule 62(d) context before 2015, when the Circuit adopted the five-factor *Dillon* test, text, those decisions have no precedential value in a post-*Nassau County* world. I thus decline to rely on cases like *Cayuga Indian Nation v. Pataki*, 188 F. Supp. 2d 223 (S.D.N.Y. 2002); *Morgan Guar. Tr. Co. v. Republic of Palau*, 702 F. Supp. 60 (S.D.N.Y. 1988); *Network Enterprises, Inc. v. APBA Offshore Prodcs., Inc.*, No. 01 CV 11765(CSH), 2007 WL 398276 (S.D.N.Y. Feb. 5, 2007); and *Palazzetti Import/Export, Inc. v. Morson*, No. 98 Civ. 722(FM), 2002 WL 562654 (S.D.N.Y. Apr. 16, 2002) in deciding this motion.

Since the Second Circuit's decision in *Nassau County*, at least three of my district court colleagues in this Circuit have addressed the issue of staying judgments without requiring the

posting of a supersedeas bond. All three have, in that context, discussed the four factor *Hilton* test and two reached their decisions by applying that test.

In *Miller v. City of Ithaca*, 10-CV-597-GLS-DEP, 2017 WL 61947 (N.D.N.Y. Jan. 5, 2017), the court declined to require the posting of a bond on the narrow ground that the City of Ithaca, like Nassau County, had ample resources to pay the underlying judgment. Although the court started to apply the *Hilton* test, its decision ultimately rested on the third factor in the *Dillon* test – the one relied on by the Circuit in *Nassau County*. *See id.* at 5 (citing *Nassau Cty.*, 783 F.3d at 417). Significantly, *Miller* is the only one of the three post-*Nassau County* decisions to mention *Nassau County*, and, in the end, it applied that decision, not *Hilton*, to reach a result consistent with Rule 62(d). *Miller* supports this court's conclusion that the bond requirement should not be suspended here.

In *Micula v. Government of Romania*, 2015 WL 4643180 (S.D.N.Y. Aug. 5, 2015), the court declined to enter a stay pending appeal of a judgment that had converted an $11 million ICSID arbitration award into a judgment of this court, because Romania had neither posted a bond nor satisfied the *Hilton* factors for a discretionary stay. While *Micula* did not discuss *Nassau County* and its implications for the motion, I note that it did reach the result that was consistent with Rule 62(d) – no stay absent a bond.

The only post-*Nassau County* case this court has located that granted relief from Rule 62(d) to a judgment debtor after considering the *Hilton* factors rather than the *Dillon/Nassau County* factors is *E.J. Brooks Company v. Cambridge Security Seals*, No. 12-CV-2937-LAP, 2016 WL 908633 (S.D.N.Y. Mar. 2, 2016). Concluding that "some showing of irreparable injury" (which is a *Hilton* but not a *Nassau County* factor) warranted modification of the strict requirement of Rule 62(d), the court directed the judgment debtor to post a bond in less than the full amount of the

8

judgment it sought to secure. I believe this case to have relied on the wrong test in reaching its result, and so decline to follow it.

The reason for the Circuit's adoption of the *Dillon* test becomes clear when one looks at *Hilton* and its progeny: the *Hilton* test applies only when the judgment sought to be stayed is for injunctive or other equitable relief – *i.e.*, when the judgment does not fall within the parameters of Rule 62(d), but instead implicates Rule 62(c).

In *Hilton* itself, the state government sought a stay of a successful habeas petitioner's release from custody pending the state's appeal. In that context – which is akin to obtaining a stay of an injunction rather than a stay of a money judgment – the Supreme Court held that traditional factors for entering an injunction should be applied when deciding whether to stay the petitioner's immediate release. In fact, the Court *explicitly analogized that case to cases decided under Rule 62(c),* which governs motions to stay injunctions pending appeal – not to Rule 62(d), which is at issue here.

Similarly, in a more recent case of *Nken v. Holder*, 556 U.S. 418, 433 (2009), the petitioner sought a stay of his removal from the United States. In that context – which, once again, is akin to obtaining a stay of an injunction rather than a stay of a money judgment – the Supreme Court held that "traditional [*i.e.*, *Hilton*] factors," rather than more rigorous statutory factors, should be applied in deciding whether to stay the removal of an alien pending appeal. Nothing in *Nken* suggests that the *Hilton* factors apply to the situation confronting this court, in which a judgment debtor seeks to stay enforcement of a money judgment against it without complying with Rule 62(d)'s bond requirements.

The Second Circuit has applied the *Hilton* test only when deciding whether to stay enforcement of judgments imposing injunctions or remedies analogous thereto – never, as far as

this court can determine, to a motion made for suspension of the bond requirement of Rule 62(d). For example, in *Mohammed v. Reno*, 309 F.3d 95 (2d Cir. 2002), the Circuit applied the *Hilton* test in deciding whether to keep in effect the district court's stay of the removal of an alien. And, in *Barretta v. Wells Fargo Bank, N.A.*, No. 16-CV-1836, 2017 WL 2392472, at *1 (2d Cir. June 2, 2017), the Circuit applied the four-factor test to an appeal from the district court's denial of a motion to stay foreclosure proceedings. *See also In re World Trade Ctr. Disaster Litig.*, 503 F.3d 167 (2d Cir. 2007) (stay of district court proceedings pending an interlocutory appeal from an order denying motions for judgment on the pleadings and for summary judgment); *S.E.C. v. Citigroup Global Markets, Inc.*, 673 F.3d 158 (2d Cir. 2012) (stay of district court proceedings pending an interlocutory appeal from an order refusing to approve a settlement and ordering the parties to a prompt trial).

In the (admittedly brief) period the court has devoted to researching the issue, I have found no instance – and Navillus cites to none – in which either the Supreme Court or the Court of Appeals has applied the *Hilton* four-factor test to a motion seeking to stay enforcement of a money judgment without satisfying Rule 62(d)'s requirement of posting a bond. So the four-factor *Hilton* test that Navillus presses upon the court is, I conclude, inapplicable in the present context.

This leaves Navillus to rely on the oft-quoted statement from *Texaco*. Unfortunately – at least in the district court, where (unlike the Court of Appeals) judges are constrained by Rule 62(d) – that statement is irrelevant to the analysis I am obliged to perform.

The Second Circuit in *Texaco* was not called upon to interpret Rule 62(d) or to decide whether its seemingly inflexible requirement of the posting of a supersedeas bond as a condition of staying enforcement of a judgment could be waived. Confronted with an $11 billion judgment, Texaco argued that forcing it to post bond as a condition of entering a stay pending appeal would

effectively deny it any meaningful opportunity to appeal. The central question in the case was whether a United States District Court could bar enforcement of Texas' requirement that a supersedeas bond be posted in the full amount of the judgment as a condition of staying that judgment. – *i.e.*, could enjoin enforcement of a state law analogous to Rule 62(d). *Texaco Inc.*, 784 F.2d at 1133. The District Court and the Second Circuit concluded that it did. The Supreme Court, unanimously (albeit for a variety of different reasons), thought otherwise, and reversed the Second Circuit's decision from which the above-cited quotation comes. *See Pennzoil v. Texaco, Inc.*, 481 U.S. 1 (1987).[2] The quoted language on which Navillus here relies was simply the court's justification for reaching the result it did, so it is not fair for Navillus to say (as it does in its brief) that *Texaco* was "reversed on other grounds." Any "precedential value" in the quoted language no more survives the reversal of the Second Circuit's holding by the Supreme Court than did the holding itself. The Texaco language thus does not justify overlooking *Nassau County* or substitute for Navillus' failure to satisfy the test that *Nassau County* imposes when a waiver of Rule 62(d)'s otherwise ironclad requirement is at issue.

In several cases, including Judge Rogers' case, parties have urged district courts to modify bond requirements, by permitting the posting of a partial bond – sometimes accompanied by

---

[2] The Supreme Court majority ruled that, pursuant to abstention principles announced in *Younger v. Harris*, 401 U.S. 37 (1971), the district court should not have entertained Texaco's petition for an injunction barring enforcement of a Texas rule requiring the posting of a supersedeas bond in the full amount of the judgment as a condition of staying enforcement of a judgment, on the ground that the requirement was unconstitutional in the unusual circumstances of that case – circumstances that are, on Defendant's telling, identically present here. Interestingly, Justices Brennan and Marshall were of the opinion that, because Texaco could obtain a stay of the judgment by filing in bankruptcy, and could withdraw its petition in the event it ultimately succeeded on the merits of its appeal, there was no violation of Texaco's right to appeal; ([while Texaco should not] "be arbitrarily denied the right to a meaningful opportunity to be heard on appeal, . . . this right [could] be adequately vindicated even if Texaco were forced to file for bankruptcy." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 18 (1987)).

conditions to protect against the dissipation of assets pending appeal – as an alternative to waiving the bond requirement entirely. That was the approach taken by my esteemed retired colleague, the Hon. Frank Maas, in *Palazzetti Import/Export, Inc.*, 2002 WL 562654. In that case, the precise arguments made to this court by Navillus and the plaintiffs here were made by Palazzetti and Morson. Morson argued that it would be driven out of business by having to post a bond; Palazzetti urged that Morson would dissipate assets if it were allowed to obtain a stay of enforcement without having to post a bond. Judge Maas entered a Solomonic decision: he authorized the posting of a partial bond, securing 20% of the total amount of the judgment, and he imposed conditions designed to prevent any dissipation of assets pending appeal.[3]

However, Judge Maas reached the conclusion that he could modify the requirement of Rule 62(d) after quoting the language from *Texaco*, and in reliance on the *Hilton* factors – neither of which gives this court comfort that his approach would be endorsed by the Second Circuit today. Moreover, Navillus has made no offer to post a partial bond, or even to accept financial oversight or other conditions that might ameliorate the plaintiffs' legitimate fears. So even if I were inclined to do so, I have no way, on this record, of fashioning an appropriate alternative form of security in this case.

For these reasons, I deny the motion for a stay of enforcement of the money judgment pending appeal without the posting of a bond.

I also deny Navillus' motion for an interim stay pending application to the Second Circuit, But as the parties march across the street, I remind them that Rule 62(g) gives an appellate court

---

[3] It is also the approach recently taken by then-Chief Judge Preska in *E.J. Brooks Company* – a decision that, as noted above, relied on the *Hilton* four factor test, which I believe to be inapplicable in this situation.

12

far more power to stay a judgment pending appeal than is accorded to a district court. Perhaps this application would better have been addressed to the Court of Appeals in the first instance.

## Conclusion

For the foregoing reasons, Defendant's motion is DENIED.

Dated: September 28, 2017

_____
Chief Judge

BY ECF TO ALL COUNSEL