KENNEDY, JENNIK & MURRAY, P.C.
*Attorneys for Plaintiffs*
113 University Place, 7th Floor
New York, New York 10003
Tel. (212) 358-1500

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **Moore**, *et al.*,<br><br>**Plaintiffs,**<br><br>-against-<br><br>**Navillus Tile, Inc.**, *et al.*,<br><br>**Defendants.** | **14-CIV-8326 (CM)(JLC)** |

### DECLARATION OF THOMAS M. KENNEDY IN SUPPORT OF PLAINTIFFS' APPLICATION FOR ATTORNEYS' FEES AND COSTS

THOMAS M. KENNEDY, pursuant to 28 U.S.C. § 1746, hereby declares, under penalty of perjury, that the following is true and correct to the best of my knowledge, information, and belief:

1.  I am a partner in the law firm of Kennedy, Jennik & Murray, P.C., counsel for Plaintiffs in this action.  I make this declaration in support of Plaintiffs' Application for Attorneys' Fees and Costs.

2.  I graduated from New York University School of Law in 1974, where I served as an editor on the Journal of Internal Law and was a fellow at the Center for International Studies. I was admitted to Bar of New York in 1975, and I am a member of the Bars of the United States Supreme Court, as well as the Second, Third, Fifth, Sixth, Ninth, and District of Columbia Circuit Courts of Appeals and many district courts.

3. I founded the Kennedy, Jennik and Murray P.C. law firm ("KJM") in 2005 as a successor to other law firms in which I have served as a partner since 1980. KJM's practice has been limited to the representation of labor unions, workers, and their affiliated institutions, such as pension, welfare and other employee benefit funds.

4. KJM has been very active in litigating Employee Retirement Income Security Act ("ERISA") cases. In federal circuit, district and bankruptcy courts, KJM has recovered more than $250 million dollars for union-represented retirees in ERISA and collective bargaining agreement-based actions. Recent cases in which KJM has recovered millions of dollars for union-represented employees and funds include the *General Motors Liquidation Co.* bankruptcy, No. 09-50026 (Bankr. S.D.N.Y. 2009); *In re Delphi Corp., et al.*, No. 05-44481 (Bankr. S.D.N.Y. 2005); *IUE-CWA v. Visteon*, 612 F.3d 210 (3d Cir. 2010); *IUE-CWA v. General Motors Co.*, No. 15-01389 (Bankr. S.D.N.Y. 2015); and *Moore, et al. v. River Avenue Contracting Corp., et al.*, No. 13-CV-4205 (JSR) AJP) (S.D.N.Y.), an alter ego case brought on behalf of multiple fund clients.

5. I have argued many ERISA actions which are typically cited in ERISA legal textbooks as precedential including *Curtiss-Wright Corp. v. Schoonejongen*, 514 U.S. 73 (1995); *IUE-CWA v. Visteon*, 612 F.3d 210 (3d Cir. 2010); *IUE AFL-CIO Pension Fund v. Herrmann*, 9 F.3d 1049 (2d Cir. 1993); and *IUE AFL-CIO Pension Fund v. Barker & Williamson, Inc.*, 788 F.2d 118 (3d Cir. 1986). *See* cases cited in Employee Benefits Law Third Edition, ABA Section of Labor and Employment Law and its 2015 Cumulative Supplement. I am currently lead counsel for a coalition of most of America's industrial unions including the UAW, the Steelworkers, IUE-CWA, Teamsters, Machinists and Electrical Workers, and a putative class of 95,000 union-represented retirees, in a class action in the Northern District of Ohio against

General Electric Company to challenge changes to their retiree health benefits. *See IUE-CWA, et al. v. General Electric Co.*, No. 4:15-CV-2301 (N.D. Ohio), now on appeal at the Sixth Circuit, No. cv-17-3885. I have also argued precedential labor-relations cases such as *Boston Medical Center*, 330 NLRB 152 (1999).

6. In addition to my law practice I have lectured or presented papers at various law schools on labor law and ERISA-related topics including at the New York University School of Law, Brooklyn Law School, and Cardozo Law School.

7. I was the lead attorney responsible for litigating this action on behalf of Plaintiffs. My partner, Susan M. Jennik, associates Serge Ambroise, Sumanth Bollepalli, and Cristina Gallo, and paralegal Leah Thompson also worked on this matter. Mr. Bollepalli worked on this litigation from its inception through his departure from this firm in the fall of 2015. Ms. Gallo performed work on this matter starting in 2016.

**A. The Hourly Rates Sought and Hours Expended in this Litigation Reasonable**

8. As set forth more fully in Plaintiffs' Memorandum of Law in Support of Their Application for Attorneys' Fees and Costs, the fees charged in this matter are reasonable.

9. Ms. Jennik has thirty-five years of experience as an attorney representing unions and funds. She is a 1981 graduate of New York University School of Law, where she was a Root-Tilden scholar. Ms. Jennik was admitted to practice in the courts of the State of New York in 1982. She is also admitted to practice in the Second, Third, Sixth, Ninth, and District of Columbia Circuits, the Court of International Trade and many district courts.

10. In 1990, Ms. Jennik was honored with the Public Service Award by the New York University School of Law Alumni Association. She is the author of *The Manual for Survival for Women in Nontraditional Employment*, by the Association for Union Democracy Women's

3

Project and the NOW Legal Defense and Education Fund (1999); and "Toward More Perfect Unions: Public Policy and Union Democracy," *Unions and Public Policy*, Lawrence G. Flood, Editor (1995).

11. Ms. Jennik has made numerous presentations on the subject of labor law, bankruptcy and retiree health benefits at the AFL-CIO Lawyers Coordinating Committee National Conferences in 2010, 2012, 2014, 2016. She has been a speaker on labor law issues at the following schools: CUNY School of Law, Cardozo Law School, New York University School of Law, and the Murphy Institute for Worker Education and Labor Studies, CUNY.

12. Mr. Ambroise has represented unions and funds for approximately six years during his association with KJM. He was admitted to practice in 2006 and has been practicing for eleven years. He is a 2005 graduate of Cornell Law School where he served as a Note Editor on the Journal of Law and Public Policy. He is admitted to practice in the courts of the state of New York, and the District Courts for the Southern and Eastern Districts of New York.

13. Mr. Bollepalli, who worked at KJM for two years until late 2015, has represented only unions and funds since his 2008 graduation from CUNY School of Law. He was admitted to practice in the state of Connecticut Bar in 2008 and the state of New York in 2009, the Second Circuit Court of Appeals, and the U.S. District Courts for the Southern and Eastern Districts of New York.

14. Ms. Gallo has been engaged exclusively in the practice of labor and employee benefits law for almost seven years and has litigated ERISA, labor relations, and Fair Labor Standards Act cases in federal court during that time. She joined KJM in December 2015. She is a 2010 graduate of UCLA School of Law, where she was a recipient of a full-tuition, merit-based scholarship for public interest students, and graduated with honors. She was admitted to

practice in the states of New York and New Jersey in 2011, and the Second Circuit Court of Appeals, the Southern and Eastern Districts of New York, and the District of New Jersey.

**15.**   Ms. Thompson has been employed by KJM Since April, 2013 as a paralegal. She graduated from Smith College in 2010. She has worked on several complex cases during her employment with KJM, including *IUE-CWA v. General Motors Co.*, No. 15-01389 (Bankr. S.D.N.Y. 2015); *Moore, et al. v. River Avenue Contracting Corp., et al.*, No. 13-CV-4205 (JSR) AJP) (S.D.N.Y.); and *IUE-CWA, et al. v. General Electric Co.* No. 4:15-CV-2301 (N.D. Ohio).

16.   The attorneys' fees applied for herein accurately reflect the work performed by KJM in prosecuting this action, which was fact-intensive and involved multiple parties, including the consolidation of the claims of Plaintiff Local 282, International Brotherhood of Teamsters, over the course of approximately three years.  That work included, *inter alia*, voluminous document production, the issuance of subpoenas to twenty-eight third parties, the conduct or defense of twenty-one depositions; filing a motion to compel to resolve discovery disputes regarding text messages; successfully opposing multiple motions for summary judgment and a motion to sever by Defendants Time Square Construction, Inc. and Kevin O'Sullivan; the preparation of joint pre-trial orders on two occasions; the filing and defense of motions in limine; significant legal research; attendance at multiple court conferences; and a multi-day bench trial during which 16 witnesses testified in the *Moore* action.

17.   I annex as Exhibit A the records from this office reflecting the amount of time spent by the firm's attorneys and its paralegal on this action, the hourly rate for each individual, and the amount that Plaintiffs were billed for time spent by each individual.  These records were

made contemporaneously with the work performed, and the Plaintiff Funds were billed at the conclusion of each month and remitted payment.[1]

18.     The contemporaneous time records shown in Exhibit A reflect that two partners and the three associates named above worked on this matter.[2]  Collectively, the attorneys worked a total of 3,660.4 hours, and the total amount sought by Plaintiffs in this matter for their work is $2,210,697.50.

19.     The contemporaneous time records annexed as Exhibit A also show that the firm's paralegal, Ms. Thompson, worked a total of 1,367.6 hours, and the total amount sought by Plaintiffs in this matter for her work is $239,330.00.

20.     The chart below reflects the name of the partners, associates, and paralegal who have worked on this matter, the total amount of time billed by each, and the hourly rate of each, and the total amount of fees sought herein:

---

[1] Plaintiffs were billed the following: $350 per hour for myself and Ms. Jennik; $275 per hour for associates Mr. Ambroise, Mr. Bollepalli, and Ms. Gallo; and $110 per hour for Ms. Thompson.
[2] Plaintiffs have eliminated 9.9 hours of work performed by Partner Thomas Murray and 7.5 hours of work performed by law clerk Amy Millican.

| NAME | HOURS BILLED | HOURLY RATE | AMOUNT |
|---|---|---|---|
| <u>Partners</u> | | | |
| Thomas M. Kennedy | 1,289.6 | $750 | $967,200.00 |
| Susan M. Jennik | 612.3 | $750 | $458,625.00 |
| <u>Associates</u> | | | |
| Serge Ambroise | 1,086.3 | $475 | $515,992.50 |
| Sumanth Bollepalli | 316.6 | $400 | $126,640.00 |
| Cristina E. Gallo | <u>355.6</u> | $400 | <u>$142,240.00</u> |
| TOTAL | 3,660.4 | | $2,210,697.50 |
| <u>Paralegal</u> | | | |
| Leah Thompson | <u>1,367.6</u> | $175 | <u>$239,330.00</u> |
| TOTAL | 5,028.0 | | $2,450,027.50 |

21. The Trustees of the Plaintiff Funds have paid for all hours worked at the rates set forth in Note 1. Invoices for September 2017 are pending.

22. The Local 46 Funds, which are among the Plaintiffs in this litigation, pay an hourly rate of $600 for the services of myself and Ms. Jennik as general counsel for those Funds. The National Retirement Fund, also a KJM client, pays $650 per hour for the services of myself and Ms. Jennik.

23. In addition, I recently recovered reasonable attorneys' fees in settlement of the matter *IUE-CWA v. General Motors*, No. 15-01389 (Bankr. S.D.N.Y. 2015), at the rates of $600 per hour for myself and Ms. Jennik, $475 for Mr. Ambroise, $400 for Ms. Gallo, and $200 for Ms. Thompson.

B. **<u>The Costs Sought are Reasonable.</u>**

24. As set forth more fully in Plaintiffs' Memorandum of Law in Support of Their Application for Attorneys' Fees and Costs, the expenses incurred by Plaintiffs are reasonable.

7

25. I annex as Exhibit B the records from this office reflecting the costs attributable to this action in the amount of $109,596.29. Exhibit B details the transaction date, the amount of the expenses, and a description of the nature of the expense. The records in Exhibit B were made contemporaneously with the work performed and accurately and correctly state the amount of the expenditures. True and accurate copies of the receipts for the expenses incurred are attached to Exhibit B.

26. The Plaintiff Funds were billed at the conclusion of each month for the amounts shown on Exhibit B, and they remitted payment thereafter.

27. The costs claimed on Exhibit B are allowable by law and were necessarily incurred in the conduct of this litigation. The costs for deposition and court transcripts and court reporter services were reasonably necessary to the conduct of this litigation at the time the depositions were taken.

Dated: September 28, 2017
       New York, New York

_____
THOMAS M. KENNEDY