USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8/16/18_

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Terrence Moore, *et al.,* | |
| Plaintiffs, | No. 14-CV-8326 (CM)(JLC) |
| -against- | |
| Navillus Tile, Inc., d/b/a Navillus Contracting, *et al.,* | |
| Defendants. | |
| Thomas Gesualdi, *et al.,* | |
| Plaintiffs, | No. 15-CV-08441 (CM)(JLC) |
| -against- | |
| Navillus Tile, Inc., d/b/a Navillus Contracting, *et al.* | |
| Defendants. | |

## ORDER DECLARING INTENTION TO VACATE JUDGMENT

Defendant Navillus Tile, Inc. ("Navillus"), with the consent of Plaintiffs Terrence Moore

and Thomas Gesualdi *et al.* ("Plaintiffs")[1] and Defendants Advanced Contracting Solutions, LLC

---

[1] The Plaintiff Funds are comprised of (a) the Trustees of the Metal Lathers Local 46 Pension Fund, the Metal Lathers Local 46 Trust Fund, the Metal Lathers Local 46 Annuity Fund, the Metal Lathers Local 46 Vacation Fund, the Metal Lathers Local 46 Apprenticeship Fund, and the Metal Lathers Local 46 Scholarship Fund, (b) the Trustees of the Cement & Concrete Workers Pension Trust Fund, the Cement & Concrete Workers Welfare Trust Fund, the Cement & Concrete Workers Annuity Trust Fund, and the Cement & Concrete Workers Scholarship Trust Fund, (c) the Trustees of the Cement Masons' Local 780 Trust Fund, the Cement Masons' Local 780 Pension Fund, the Cement Masons' Local 780 Annuity Fund, the Cement Masons' Local 780 Vacation Fund, and the Cement Masons' Local 780 Apprenticeship Fund, (d) the Trustees of the New York City District Council of Carpenters Pension Fund, the New York City District Council of Carpenters Welfare Fund, the New York City District Council of Carpenters Apprenticeship, Journeyman Retraining, Educational and Industry Fund, and the New York City District Council of Carpenters Annuity Fund, and (e) the Trustees and Fiduciaries of the Local 282 Welfare Trust

("ACS"), Time Square Construction, Inc. ("TSC"), HDK Construction, Inc. ("HDK"), Donal O'Sullivan, and Kevin O'Sullivan—collectively, with Navillus, "the Parties"— moves, pursuant to Fed. R. Civ. P. 60(b), for vacatur of the Judgment and the Findings of Fact and Conclusions of Law (ECF No. 301) (collectively, "the Final Order") entered in these consolidated actions. The Court finds that the requested relief is merited and advises that it is the Court's intention to vacate the Final Order in these cases if the Second Circuit remands these actions to this Court for that purpose.

### *Proposed Findings and Conclusions:*

1.      Plaintiffs and Defendants have all appealed from the Final Order in this case. Oral argument on their appeals and cross appeals is scheduled for August 28, 2018 in the Second Circuit. ACS and Navillus also filed separate voluntary chapter 11 bankruptcy cases on November 6, 2017 and November 8, 2017, respectively, both of which are pending in the United States Bankruptcy Court for the Southern District of New York. ACS's chapter 11 proceeding ultimately resulted in the sale of substantially all of its assets to a third-party, non-insider purchaser in February 2018. Navillus, on the other hand, is seeking to reorganize through its chapter 11 proceedings in an effort to maintain its open construction projects, preserve the jobs of approximately 1,600 union and nonunion employees, and continue making tens of millions in annual contributions to the Plaintiff Funds.

2.      In connection with its bankruptcy proceedings, Navillus participated in case-wide mediation with the Plaintiff Funds and other creditors during the summer, with former Chief Judge Gerald Rosen of the Eastern District of Michigan serving as the Bankruptcy Court-

_____

Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund.

appointed mediator. Navillus' counsel informs the Court that Judge Rosen's efforts resulted in a potential global settlement among the Plaintiffs, Navillus, Donal O'Sullivan, TSC, and HDK (the "Settlement Agreement"). Critically, that settlement is subject to and conditioned on this Court's vacating the Final Order in its entirety. The settlement also provides for, among other things, the consensual withdrawal of the appeals to the Second Circuit by all the Parties, the confirmation of an amended consensual chapter 11 plan and exit from bankruptcy by Navillus, and a structured dismissal of the ACS chapter 11 case.

3.      Navillus, with the consent of all other Parties, makes this motion to vacate the Final Order as the first step in this process to effectuate the Settlement Agreement. In the extraordinary circumstances of this case, the Court concludes that it will grant the requested relief. Although vacatur of a court's decision and order by motion is "granted only in 'exceptional circumstances,'" vacatur is appropriate "'when mootness is produced' by settlement, as it [is] here." *Microsoft Corp. v. Bristol Technology, Inc.*, 250 F.3d 152, 154 (2d Cir. 2001) (quoting *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26, 29 (1994)). Indeed, the Second Circuit has specifically recognized that "the facilitation of settlements that would obviate pending appeals" constitutes an "exceptional circumstance" justifying vacatur. *Microsoft Corp.*, 250 F.3d at 154; *see also Major League Baseball Props., Inc. v Pacific Trading Cards, Inc.*, 150 F.3d 149, 152 (2d Cir. 1998).

4.      The Court finds that vacating the Final Order to effectuate the Settlement Agreement serves the public interest and the interests of the Parties in settling these cases and outweighs any public interest in preserving the finality of judgments. The court has always believed that settlement was in the best interest of everyone connected with this case; indeed, we tried very hard to reach an agreement, both prior to and during the trial. The Settlement

-3-

Agreement brokered by Judge Rosen will conserve judicial resources by mooting the pending appeals; but of far greater importance, it will permit Navillus to exit bankruptcy and reorganize expeditiously. This will keep one of New York City's largest construction contractors in business; it will protect dozens of ongoing projects from disruption, preserve numerous union jobs, and  provide continuing benefit to the Plaintiff Funds, and all of Navillus' stakeholders. This is indeed the rare instance where vacatur of the Final Order pursuant to the Settlement Agreement substantially outweighs the interest in preserving final judgments – an interest that this court does not minimize, especially given the judicial resources expended on this matter.

5.       The Court will, therefore, vacate the Final Order if its jurisdiction is restored, pursuant to an established procedure in this District.  "While the federal rules do permit the district court to 'relieve a party or a party's legal representative from a final judgment'" pursuant to Fed. R. Civ. P. 60(b), the Second Circuit has "held that the docketing of a notice of appeal ousts the district court of jurisdiction except insofar as it is reserved to it explicitly by statute or rule." *Toliver v Cnty. of Sullivan*, 957 F.2d 47, 49 (2d Cir. 1992).  For that reason, when a Rule 60(b) motion for vacatur is made in the District Court after a notice of appeal has been filed, the appropriate course is for this Court to inform the Second Circuit of its intention to vacate the final order, so that the Second Circuit can "give its consent so it can remand the case, thereby returning jurisdiction over the case to the district court." *Id.*  The District Court then, on remand, has the appropriate authority to vacate its final order.  *See Tommy Hilfiger Licensing, Inc. v. Costco Cos., Inc.*, No. 99CIV3894LMMJCF, 2002 WL 31654958, at *1-2 (S.D.N.Y. Nov. 25, 2002); *Thompson v. Cnty. of Franklin*, 180 F.R.D. 216, 220 (N.D.N.Y. 1998) (explaining that if a court is inclined to grant a Rule 60(b) motion for vacatur after a notice of appeal has been filed, it

-4-

should "given an 'express indication'" to the Second Circuit that it "is inclined to grant the . . .
motion").

      6.     The Court, accordingly, finds that the Final Order should be vacated in these
consolidated actions to effectuate the Parties' Settlement Agreement. The Court hereby advises
the Second Circuit of its intention to vacate the Final Order if these cases are remanded for that
purpose.

Dated: August 16, 2018

_____
                                Chief Judge

BY ECF TO ALL COUNSEL